## RAY v. CITY OF BELTON et al.

(Court of Civil Appeals of Texas. Austin. Jan. 7, 1914.)

1. Injunction (§ 85*)—Subjects of Protection.

Equity will restrain the enforcement of a void criminal ordinance where its enforcement will work an irreparable injury to property for which complainant has no adequate remedy at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

2. Nuisance (§ 60*)—What Constitutes.

That which is not in fact a nuisance or injurious to public health cannot be made so by a declaration of the Legislature or a city council.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 137; Dec. Dig. § 60.*

For other definitions, see Words and Phrases, vol. 5, pp. 4855–4864; vol. 8, p. 7734.]

3. Constitutional Law (§ 251*)—Due Process of Law—Deprivation of Property.

Private property cannot be taken without allowing the owner his day in court.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 726, 727, 732; Dec. Dig. § 251.*]

4. Injunction (§ 144*)—Temporary Injunction—Issuance.

Injunction is a harsh remedy, and he who seeks it must show himself entitled to it; and hence one seeking to enjoin the enforcement of an ordinance cannot complain that a temporary injunction was refused where his petition did not show that he was within the purview of the ordinance.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. § 144.*]

5. Criminal Law (§ 43*)—Defenses—Temporary Injunction.

Where one subject to a criminal ordinance secures a temporary injunction, and the injunction is dissolved upon final hearing, the case being decided against him, the injunction affords no protection from prosecution for violation of the ordinance during its pendency.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 49; Dec. Dig. § 43.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Petition by S. M. Ray, Sr., against the City of Belton and others. From the denial of a temporary injunction, plaintiff appeals. Affirmed.

Sam D. Ware, of Belton, for appellant. J. L. Beringer, of Belton, for appellees.

JENKINS, J. Appellant presented to the judge of the district court of Bell county his petition for a temporary injunction against the city of Belton, its mayor and city attorney, restraining them from prosecuting him for an alleged violation of an ordinance requiring all persons who maintain privies within 225 feet of a sewer pipe in said city to connect such privy with the sewer system, owned and maintained by said city, and praying upon final hearing that said injunction be made perpetual. The district judge refused to grant the writ.

[1-3] Appellant, in an able brief, presents, in effect, the following legal propositions, the correctness of which is sustained by the authorities: (a) A court of equity will restrain the enforcement of a void criminal ordinance where its enforcement would result in irreparable injury to property, for which the party complaining has no adequate remedy at law. (b) That which is not in fact a nuisance or injurious to public health cannot be made so by a declaration of the Legislature or a city council that it is such. (c) Private property cannot be taken without allowing the owner his day in court.

[4, 5] The answer to appellant's complaint

---

that he was denied a temporary writ of injunction so far as these propositions are concerned, is that his petition does not show that he is liable to prosecution under the ordinance complained of, in that he does not allege that his privy is situated within 225 feet of any sewer pipe in said sewerage system; and consequently it is not made to appear that the other two legal propositions are applicable to his case. Injunction is a harsh remedy, and he who seeks it must show himself entitled to it. No presumptions outside of his allegations will be indulged in his favor. The refusal of a temporary injunction does not deny him his day in court, inasmuch as he will be entitled to a hearing on the merits of his case upon final trial. Should he refrain from using his privy during the pendency of his suit from fear of prosecution, he will suffer no more than a temporary inconvenience. Had the temporary writ been granted, and the case been decided against him upon final hearing, he would not have been exempt from prosecution for violating the ordinance while the temporary injunction was in force.

We overrule appellant's contention that the ordinance is void upon its face. It may or may not be enforceable, as applied to the facts of appellant's case; but, inasmuch as we cannot know in advance of a trial on the merits what the facts of this case are, we refrain from the discussion of legal principles as applicable to any hypothetical case.

Finding no error of record, the action of the court in refusing a temporary writ of injunction is sustained, and the judgment herein is affirmed.

Affirmed.