CITY OF FORNEY v. MOUNGER.
(No. 2083.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 27, 1919.)

1. COURTS ⬤➡122—ACTIONS FOR DAMAGES FOR ABATEMENT—JURISDICTIONAL AMOUNT.

In an action by a property owner against a city for damages for the destruction as a nuisance of stables, allegations that the improvements destroyed were worth $500, and that the rental value of the premises was $15 a month, and praying $500 vindictive damages, did not show that the amount of damages sought was below the jurisdiction of the district court, notwithstanding that the jury found the value of the premises to be $175, and the reasonable rental value $10 per month.

2. MUNICIPAL CORPORATIONS ⬤➡605, 623(1)— DETERMINATION AND ABATEMENT—POWER OF CITY COUNCIL.

A city council has the power to declare what shall be a nuisance, and to abate the same and to impose fines upon parties who may continue or suffer nuisances to exist.

3. MUNICIPAL CORPORATIONS ⬤➡739—ABATEMENT OF ALLEGED NUISANCE—ACTION FOR DAMAGES.

If city council, in the exercise of its powers to abate a nuisance, destroys or authorizes the destruction of buildings which in fact are not a nuisance, the municipality is liable for damages sustained by the owner.

4. MUNICIPAL CORPORATIONS ⬤➡63(1)—DETERMINATION BY CITY COUNCIL—CONCLUSIVENESS.

That a city council declares that buildings are a nuisance in fact is not a final determination of the question, but the owner may have it adjudicated in a suit for damages.

5. MUNICIPAL CORPORATIONS ⬤➡623(1) — NUISANCES — ABATEMENT — DESTROYING BUILDING.

That the owner of stables permits filth to accumulate therein, so as to constitute a nuisance, does not authorize the municipality to destroy the buildings themselves, such destruction not being necessary to abate the nuisance arising from the filth in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 845 and 846, giving the city the power to compel the cleansing of the premises.

6. MUNICIPAL CORPORATIONS ⬤➡623(1) — ABATEMENT OF NUISANCE—EXTENT AND NECESSITY.

The abatement of a nuisance by a city must be limited by its necessity, and no unnecessary injury to property must be permitted.

7. INJUNCTION ⬤➡118(4)—PLEADING—SUFFICIENCY.

In suits for injunction, the pleadings must specifically and clearly state the grounds for the remedy.

8. INJUNCTION ⬤➡118(1)—PETITION—SUFFICIENCY.

In a suit to enjoin a city from interfering with reconstruction of stables destroyed as constituting a nuisance, allegation of the petition *held* not sufficient, because failing to show that the building intended to be erected could properly be built under the city ordinances.

Error from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by J. M. Mounger against the City of Forney. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

The defendant in error owned five lots in block 35 in the duly incorporated town of Forney, upon which were situated certain buildings used as a mule barn and sales stables. On July 15, 1915, the buildings were torn down under the direction of the town of Forney. The defendant in error brought this suit in the nature of trespass on his property for damages sustained in tearing down the buildings. The petition also asked for an injunction restraining the town of Forney and its officers from interfering with the defendant in error in rebuilding these sheds on the lots. The plaintiff in error answered by plea to the jurisdiction of the court and general denial, and specially pleaded in defense that the property abutted on a public sidewalk in the town, and that manure from the horses and mules kept on the property and under the buildings was allowed to accumulate and remain in large quantities, creating odors that were offensive and injurious to public health and constituted a nuisance, and that the plaintiff refused to move or remedy the nuisance, and that thereupon the town of Forney passed ordinance declaring the buildings to be a

nuisance, and ordered them taken down and removed.

It appears from the evidence that one of the buildings as constructed was 106 feet long and 15 feet wide, with a galvanized roof resting on posts. It was walled up on three sides and open on one side, and partitioned into stalls. At one end of this building there was a stable 20 by 24 feet. There was another shed, which was 30 feet long and 24 feet wide. The manure from the horses and mules constantly kept there accumulated under the buildings and on the lots, causing offensive odors in the immediate vicinity. On the south side the sheds abutted on a public sidewalk in the town of Forney. The lower edge of the roof of the sheds was 6 feet high at that place, and protruded about 6 inches over and above the edge of the sidewalk. The sidewalk was in a populous part of the town, and was constantly used by the public. The town of Forney passed an ordinance declaring, "The mule sheds now located on lots 1 to 8, inclusive, block 35, on Main street, in the town of Forney, Tex., owned by J. M. Mounger, be, and is hereby, declared to be a public nuisance and a menace to the health of the town," and directing N. A. Hayes, the alderman in charge of streets and alleys, "to tear down said sheds and to stack the lumber on the back side of said lots in an orderly manner, and to clean and purify the said premises as to him may seem necessary and best." The cost of removing the buildings and clearing the lots was declared in the body of the act to be a charge against J. M. Mounger and collectable as a claim against him.

The case was submitted to the jury on special issues, and they made the following findings of fact: (1) That the sheds as erected and maintained were not a nuisance to the public using the sidewalk; (2) that the manner in which the structure was erected and maintained was not of itself a nuisance; but (3) that the premises were so used and kept before and at the time of their destruction as to allow and permit manure to accumulate and remain in quantities under the sheds, causing odors which were offensive and noisome to the public using the sidewalk adjacent to the premises; and (4) that the cleaning out of the manure would remove and do away with the odors and nuisance, and the destruction of the buildings was not necessary to abate the nuisance. The value of the property torn down was, as found by the jury, $175, and the reasonable rental value, as found by the jury, was $10 per month. On the verdict of the jury the court entered judgment for the plaintiff for the value of the buildings destroyed, and also awarded an injunction, as prayed for, restraining the defendant from interfering with the plaintiff in the rebuilding of the sheds.

210 S.W.—16

The evidence warrants the findings of the jury, and they are here adopted.

Lee R. Stroud and Wynne & Wynne, all of Kaufman, for plaintiff in error.

Thos. R. Bond, of Terrell, for defendant in error.

LEVY, J. (after stating the facts as above). The first assignment of error complains of the refusal of the court to dismiss the suit for want of jurisdiction in the district court as to the amount in controversy. The petition alleged:

"This plaintiff says that the reasonable value of the improvements aforesaid destroyed by the defendant were reasonably worth the sum of $500, and that he has been further damaged in the sum of $15 per month for each and every month since the destruction of the improvements which resulted in this plaintiff being unable to rent his property as theretofore."

[1] There is also a prayer in the petition for vindictive damages in the sum of $500. The legal damages allowable will be such as result from the injury the plaintiff has suffered; and, as alleged, the wrongs consisted in destroying the improvements on the property, alleged to be $500 in value, and in impairing the use and occupancy of the premises, alleged to be of the rental value of $15 per month. The face of the petition therefore does not, it is concluded, show that the amount of damages sought to be recovered is below the jurisdiction of the district court. And we do not think the record warrants the holding that the allegations of value were in point of fact fraudulently made to confer jurisdiction on the district court. The assignment is overruled.

[2-4] It is insisted that the town of Forney had legal authority to do everything charged against it in the petition, and could not be held liable in damages for the act. The city council has the power to declare what shall be a nuisance, and to abate the same and to impose fines upon parties who may create, continue, or suffer nuisances to exist. But if the city council in the exercise of its powers to abate a nuisance destroys or expressly authorizes the destruction of buildings which in fact are not a nuisance, the municipality will be held liable for damages sustained by the owner. Dillon on Municipal Corporations (4th Ed.) § 972; Joyce on Nuisances, § 350; City of Dallas v. Allen, 40 S. W. 324. And the declaration of the city council that the buildings were a nuisance in fact did not finally determine that question. On the contrary, the owner of the buildings is permitted to have adjudicated in a suit the question of whether or not the buildings were in fact a nuisance. City of San Antonio v. Salvation Army, 127 S. W. 860; Ray v. City of Belton, 162 S. W. 1015. The ordinance as passed.

by the city council had application only to the buildings in evidence. It declared:

"That the mule sheds now located on lots 1 to 8 inclusive, in Block 35, on Main Street in the city of Forney, Texas, owned by J. M. Mounger, be and is hereby declared to be a public nuisance and a menace to the health of the town."

[5, 6] And it is apparent from the evidence that the buildings in their location, manner of construction, and maintenance were not a nuisance. The nuisance the jury found to exist consisted only in the filth permitted to accumulate and remain on the lots and under the sheds, and which nuisance was, as found by the jury, entirely removable and abatable without the necessity of destroying the sheds. And thus under these findings of the jury no inconvenience or danger to public health or welfare existed in the sheds themselves, but arose from a nuisance separable from the sheds, and which could have been obviated by the use of some measure far less drastic than the destruction of the sheds. The fact that the nuisance was permitted under the sheds would not of itself authorize and justify the municipality in destroying the sheds. The destruction of the sheds, in such circumstances, was an unnecessary method of abating the nuisance arising from the filth. A municipality has the power and authority to compel the cleansing of premises. Article 846, Vernon's Sayles' Civil Statutes. And a municipality has the authority to prevent the owner of a stable from so keeping and using the property as to be a nuisance affecting public health and comfort. Article 845, Vernon's Sayles' Statutes; Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665; Ex parte Broussard, 74 Tex. Cr. R. 333, 169 S. W. 660, L. R. A. 1918B, 1091, Ann. Cas. 1917E, 919. The abatement as a remedy must be limited by its necessity, and no unnecessary injury to property must be permitted. For instance, as said in State v. Railway Co., 78 W. Va. at page 539, 89 S. E. at page 293, L. R. A. 1916F, 1001:

"If the merchant has unlawfully sold or used liquors in his establishment, could his store be shut up and abated as a place of sale of dry goods, furniture, shoes, or clothing, as the case might be? If a man sold liquors in his home, would the court abate the place as a residence and turn his family out in the street?"

In view of the jury finding that the sheds were not a nuisance, the trial court, it is believed, did not err in awarding damages for the destruction of the buildings. The assignment of error is overruled.

[7] By the second assignment of error it is insisted that there was error in awarding an injunction against the plaintiff in error restraining it from any interference with the defendant in error in rebuilding on the lots. The injunction proceeding is a matter quite separate and independent of, and not merely incident to, the suit for damages for destruction of the sheds. And it is essential that all pleadings should state specifically and clearly the grounds for such remedy. The only allegation in the petition pertaining to the injunction is:

"That the said city of Forney in refusing and denying to this plaintiff the right and privilege of erecting and rebuilding the barn sheds on his said property (which was destroyed as herein complained of), and is threatening to prosecute the plaintiff criminally should he attempt to rebuild his said sheds and barns on his said lots."

[8] That the building intended to be erected was of the kind and character that could properly be erected in that part of the town does not appear from the allegations that the city was wrongfully refusing the "right and privilege" of building on those lots. The privilege of rebuilding might have been denied, for aught that appears, because it was to be a wooden building within the prescribed fire limits. Neither the petition nor the proof is sufficient to sustain the award of the injunction.

The judgment is modified so as to deny the injunction, and as modified is in all things affirmed. The cost of appeal is taxed against the defendant in error.

