## CITY OF ELECTRA v. CROSS et al.
### (No. 9607.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 30, 1920.)

**1. Pleading ☞8(3)—Allegations that filling station constituted public nuisance held but conclusions of pleader.**

In an action by a city to restrain the maintaining and operating of a filling station, allegations contained in plaintiff's petition to the effect that the construction and maintenance of a filling station would necessarily constitute a public nuisance *held* but conclusions of the pleader and equivalent to an allegation that the threatened acts would constitute a nuisance per se.

**2. Evidence ☞21—Common knowledge that vehicles often cross sidewalk to filling stations.**

The fact that vehicles to be supplied with gasoline from a filling station, maintenance of which is sought to be restrained, will be driven across the sidewalk and to a place inside the premises may not be common to all filling stations, but as matter of common knowledge it is true of most of such stations, as well as business of other kinds, such as wholesale commercial houses and manufacturing plants.

**3. Nuisance ☞61—Oil filling station in city not nuisance per se.**

The construction and maintenance of a filling station where gasoline and oil are stored in large quantities and vehicles are required to cross the sidewalk is not a nuisance per se.

**4. Nuisance ☞84 — City seeking to enjoin maintenance of filling station must allege facts differentiating it from business as ordinarily conducted.**

A petition by a city to restrain the construction and maintenance of a filling station where gasoline and oils were stored in large quantities must allege facts which differentiate the filling station in question from a business of that kind as ordinarily conducted, and the facts relied on must show with reasonable certainty that a nuisance will result from the business complained of.

**5. Evidence ☞7—Known fact that sparks of fire and gasoline may be kept in close proximity without danger.**

It is a fact known to every one that gasoline can be and is used with safety to propel motorcars and other kinds of machinery over the land, notwithstanding the fact that while being so used it is kept in close proximity to sparks of fire which explode small quantities of the gasoline as it is fed from the receptacle in which the supply is contained, and that it is kept with safety in storage in filling stations in almost every town in the country without danger of explosion when properly stored.

**6. Nuisance ☞60 — Business cannot be denounced as nuisance unless it is such in fact.**

Neither a city by ordinance nor the Legislature of the state has constitutional authority to denounce as a nuisance any business otherwise lawful and to prohibit the same, unless such a business constitutes a nuisance in fact.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the City of Electra against D. T. Cross and others. From an order dissolving a temporary writ of injunction, plaintiff appeals. Affirmed.

Harris & Graham, of Dallas, for appellant.

E. E. Kelley, of Wichita Falls, for appellees.

DUNKLIN, J. The city of Electra was granted a temporary writ of injunction restraining D. T. Cross, A. H. Beals, and F. F. Moore from erecting, maintaining, and operating what is commonly termed a "filling station" to be placed at the intersection of two of the public streets in said city; the alleged purpose of said filling station being the storage of gasoline, lubricating oils, etc., to be offered for sale to the public.

As soon as the petition was filed, it was presented to the judge of the district court, who acted upon it in chambers and granted a temporary writ restraining the defendants from constructing and operating the filling station; but later, upon a hearing of the defendants' motion to quash the writ, at which hearing both parties appeared, the temporary writ was dissolved by the court in regular session. From that order, the plaintiff has prosecuted this appeal. The order of the trial court dissolving the temporary writ further provided that the operation of the order should be suspended, pending the appeal.

The defendants did not file any answer to the merits of the petition, but filed only a motion to dissolve the temporary writ of injunction, and the only grounds urged for the dissolution of the injunction consisted, substantially, of a general demurrer to the sufficiency of the petition, and the sufficiency of the petition as against that demurrer was the only question passed on by the trial court; no evidence being introduced by either party.

Following is a copy of plaintiff's petition:

"Now comes the city of Electra, hereinafter styled plaintiff, and complaining of D. T. Cross,

───────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. H. Beals, and F. F. Moore, hereinafter styled defendants, and for cause of action plaintiff would respectfully show to the court:

"(1) That plaintiff is a municipal corporation duly incorporated under the laws of the state of Texas, and is located in Wichita county, Tex., and operates under a special charter adopted by the people of the city of Electra, which charter confers upon said city all the powers conferred upon cities and towns by title 22 of the Revised Civil Statutes of Texas, and by section 4 of chapter 147, Acts of the 33d Legislature, General Laws, Regular Session, 1913, at page 310 to 316 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d] entitled 'An act authorizing cities having more than five thousand inhabitants, by a majority vote of the qualified voters of said city, at an election held for that purpose, to adopt and amend their charters.'

"That the defendants and each of them reside in Wichita county, Tex.

"(2) That the defendant D. T. Cross is the owner of lots 11 and 12, in block 64, in the city of Electra, Tex., and particularly that part of said lots situated in the southwest corner of said block, and being at the intersection of Waggoner and Cleveland streets, and in this connection plaintiff alleges that said location is in the most thickly built up portion of the city of Electra; it is in the heart of the business district and is adjacent to and surrounded by business houses, and said lots are located on and adjacent to two of the principal business streets in said city. That practically the entire population of said city in passing into, through, or out of said city of Electra, pass the above location from time to time, and said location is one of the most used public places in said city in the way of traffic, both by vehicles and pedestrians.

"(3) Plaintiff further alleges that on or about the 10th day of September, 1920, the exact date being unknown to plaintiff, the defendant Cross leased, demised, and let said above-described premises, and particularly a strip of land fronting 33 feet on Cleveland street by 43 feet fronting on Waggoner street, in the southwest corner of said block 64, to the defendants Beals and Moore for a term of years, the exact terms of said lease being unknown to plaintiff, but plaintiff alleges that the defendant Beals and Moore having determined to erect what is commonly known as a filling station on said property and have actually commenced the construction thereof without any permit from the authorities of said city; that the business to be transacted by said filling station is the storage and sale to the public generally of gasoline and lubricating oils and such other articles of merchandise as is commonly sold at filling stations, and that in order to carry on said business it will be necessary for said defendants to provide a large container for gasoline under the ground adjacent to said property, in which container there will be stored from time to time for sale hundreds and thousands of gallons of gasoline, which, if the same should become ignited and should explode, would necessarily wrought great havoc with persons and property and would necessarily wreck business buildings near thereto and would necessarily kill live stock and human beings traveling on, near or about said filling station in the event of an explosion; that, in order to accommodate the patrons of said proposed business, it will be necessary for automobiles and trucks to drive in and upon said property, and on and across the sidewalks used by the public generally in passing to and fro along said streets, and will necessarily blockade said sidewalks to such an extent as to congest traffic, and there will necessarily be great danger of pedestrians being injured by automobile and trucks on and about said premises, as well as injure to personal property thereabouts, and in addition thereto the patrons of said filling station will necessarily blockade traffic in and upon the streets by vehicles along said Cleveland and Waggoner streets; that said streets are public streets in said city and are in the business part of said city where traffic is heavy both for vehicles and for human beings and live stock.

"(4) Plaintiff alleges that, by reason of the facts alleged as aforesaid, the construction, maintenance, and operation of said filling station will necessarily constitute the same a nuisance, and injurious to the public welfare of said city, as well as to the life of persons and the possession or destruction of property; that the plaintiff has no plain and adequate remedy at law to abate said proposed nuisance.

"Wherefore, plaintiff prays that a temporary writ of injunction be issued by the court, restraining said defendants and each of them from erecting, maintaining, and operating said filling station; that a time and place for a hearing on said temporary restraining order be fixed by the court, and the defendants and each of them be cited to appear at said time and place and show cause, if any they have, why they and each of them, their agents, servants, and employees, should not be permanently restrained from erecting, maintaining, and operating said filling station on said property, and why said proposed drilling station should not be declared a nuisance and abated; and that, upon final hearing, plaintiff have such other and further relief, general or special, legal or equitable, as it may show itself entitled to, including all costs of suit."

[1, 2] The allegations contained in plaintiff's petition to the effect that the construction and maintenance of the filling station will necessarily constitute a public nuisance are but conclusions of the pleader and are equivalent to an allegation that the threatened acts will constitute a nuisance per se. The storage of gasoline for the purpose of supplying the customers of such a filling station is common to all such filling stations, and the same may be said of the alleged use of the streets adjacent to the filling station which will be made by the defendants' patrons if they are permitted to carry on the business proposed. The fact, as alleged, that vehicles to be supplied with gasoline from the filling station will be driven across the sidewalk and to a place on the inside of the premises may not be common to all filling stations, but as a matter of common knowledge it is true of most of such stations, as well as business of other kinds,

such as wholesale commercial houses and manufacturing plants.

The petition contained no allegations to the effect that the station complained of will be constructed in a manner different from that in which such stations are usually constructed, or that danger from explosion of gasoline stored therein will be greater than those ordinarily incident to the maintenance of such stations generally, nor does the petition contain any allegation that the defendants will conduct their business or erect the filling plant in an improper or negligent manner.

[3] It seems to be well settled by the authorities that the construction and maintenance of a filling station, such as the one alleged in the petition, is not a nuisance per se; and counsel for appellant in their argument do not deny that is the general rule of decisions. See authorities cited in note, 52 L. R. A. (N. S.) 930; 3 McQuillin Municipal Corporation, § 911.

[4] The proposed business of the defendants is a lawful business, and the burden was upon the plaintiff to allege and prove facts which would differentiate it from a business of that kind as is ordinarily conducted, and the facts relied on must show with reasonable certainty that a nuisance will result from the business complained of. Haynes v. Hedrick, 223 S. W. 550, and authorities there cited; Shamburger v. Scheurrer, 198 S. W. 1070.

[5] To say the least, gasoline is used as a motive power almost as extensively as is steam. Unless properly insulated from flames, it will explode. But while in a general sense it may be termed an explosive and therefore dangerous, it does not follow that its storage in tanks of a filling station is necessarily so dangerous as to authorize the issuance of a writ of injunction to restrain such storage as is alleged in plaintiff's petition. It is a fact known to every one that it can be and is used with safety to propel motorcars and other kinds of machinery all over the land, notwithstanding the fact that while being so used it is kept in close proximity to sparks of fire which explode small quantities of the gasoline as it is fed from the receptacle in which the supply is contained. It is kept with safety in storage at filling stations in almost every town in the country. The danger from explosion while so used or stored is practically eliminated by proper insulation and other preventive methods. Unless it be alleged and proved that such steps will not be taken to avoid the dangers of an explosion, no sufficient showing is made of such dangers from explosion as will authorize the issuance of the equitable writ of injunction to restrain the defendants from supplying a public need by erecting and maintaining the filling sta-

tion proposed. Strieber v. Ward, 196 S. W. 720, and authorities there cited.

[6] The petition contains no allegation that the plaintiff, the city of Electra, has not enacted an ordinance forbidding the construction and maintenance of filling stations within its city limits at such places and under such circumstances as the threatened filling station is about to be constructed. But appellant contends that the allegation contained in the petition that plaintiff has no adequate legal remedy to prevent the alleged nuisance implies the further allegation that no such ordinance has been passed. Article 844, V. S. Tex. Civ. Statutes, gives to such cities the power "to abate and remove nuisances and to punish the authors thereof by penalties, fine and imprisonment, and to define and declare what shall be nuisances and authorize and direct the summary abatement thereof." We deem it unnecessary to determine whether or not the petition should have contained allegations of the absence of any city ordinance denouncing as a nuisance the erection and maintenance of the alleged filling station, since it is a well-settled rule that even the Legislature of the state has no constitutional authority to denounce as a nuisance any business otherwise lawful and to prohibit the same unless such a business constitute a nuisance in fact. Stockwell v. State (Sup.) 221 S. W. 932; Ray v. City of Belton, 162 S. W. 1015; Dibrell v. City of Coleman, 172 S. W. 550; Bowers v. Machir, 191 S. W. 758.

For the reasons indicated, the judgment of the trial court is affirmed.