**DICKSON et al. v. BARR et al.   (No. 9891.)**

(Court of Civil Appeals of Texas. Fort Worth. Nov. 19, 1921.)

**1. Nuisance ⬅3(2) — Drug store and meat market not nuisance per se.**

The erection of a building in a residence section for purpose of conducting a drug store, grocery store, and meat market, is not a nuisance per se, enjoinable at once and as a matter of law.

**2. Pleading ⬅813—Allegations in petition for injunction held mere conclusions.**

Allegations in a property owner's petition that the construction and maintenance of a building in a residence section for the purpose of conducting a drug store, grocery store, and meat market "will necessarily constitute a nuisance" amount to mere conclusions, and are not equivalent to allegations of fact, which as a matter of law, amount to a nuisance enjoinable in equity.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by E. W. Dickson and others against R. E. Barr and others. Demurrer to petition sustained, and plaintiffs appeal. Affirmed.

Marvin H. Brown and Chas. T. Rowland, both of Fort Worth, for appellants.

A. J. Clendenen, of Fort Worth, for appellees.

CONNER, C. J. E. W. Dickson and 43 others, alleged to be resident citizens in blocks 1900, 2000, 2100, and 2200 on Sixth avenue of the city of Fort Worth, presented a duly verified petition to the honorable Bruce Young, judge of the Forty-Eighth district court of Tarrant county, including said city, complaining of appellees R. E. Barr and Harper Jones, and alleged, in substance, that the said Barr and Jones purchased lots 1 and 2 in block 24 in Fairmount addition, located at the corner of Carson avenue and Sixth avenue, of a width of 25 feet each, together constituting a frontage of 50 feet on Sixth avenue, and that said defendants were about to erect on said lots a house divided into two sections, each 25 feet wide, in one of which sections they were proposing to operate a drug store and in the other a grocery store and fresh meat market; that in the drug store ice cream and soft drinks would be retailed; that in the section appropriated for the grocery store would be retailed groceries, fresh vegetables, fruits, fresh meats, etc.; that said Sixth avenue was a paved street but 29 feet wide from curb to curb, leading from the business section of the city into Fairmount addition, and through the blocks upon which plaintiffs had their residences; that said Sixth avenue was a popular driveway; that the portion of the city including the residences of plaintiffs was an exclusive one, and that they had severally bought the property and built their homes thereon away from the business section of the city in order to avoid its noises and inconveniences, that the erection of the store by the defendants as threatened would constitute an eyesore, and, by reason of delivery autos and other vehicles of the kind visiting said store both day and night, would impede the travel on Sixth avenue, increase the danger to life and limb, and greatly depreciate the value of the petitioners' respective homes located on said street; that the vegetables, meats, and refuse of the store would attract flies, create disagreeable odors, etc.; that the noises necessarily incident to the conduct of said business would disturb the rest and sleep of the petitioners, and that the conditions named would necessarily constitute a nuisance unless abated.

The trial judge ordered the petition filed and set a day for a hearing, upon which the defendants appeared and answered by a gen-

eral demurrer to the plaintiffs' petition and a verified answer denying the equity of the bill. The court sustained the general demurrer, and refused to issue the temporary writ of injunction as prayed for, and the plaintiffs have appealed.

[1, 2] The law is so well settled by the text-writers and adjudicated cases that it seems hardly necessary to do more than to refer to the authorities. It is not contended, nor can it be properly contended, that a drug store and meat market of the character described in the plaintiffs' petition constitutes a nuisance per se, and it is well settled that in such cases equity will not interfere by injunction to prevent occurrences which a complaining party may fear will inflict inconvenience or injury. See 14 R. C. L. p. 354, par. 57; 29 Cyc. p. 1222, par. 2; Von Hatzfeld v. Neece, 223 S. W. 1034; Shamburger v. Scheurrer, 198 S. W. 1069; City of Electra v. Cross, 225 S. W. 795. In the paragraph of Cyc. cited, it is said, among other things, that:

"The general rule is that an injunction will be granted only to restrain actually existing nuisances, and not to restrain an intended act on the ground that it may become a nuisance; and, although where an act or structure will necessarily be a nuisance for which there can be no adequate remedy at law, a court of equity may interfere by injunction to prevent the threatened injury, a mere prospect of future annoyance or injury from a structure or instrumentality which is not a nuisance per se is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain, or contingent. So the erection or alteration of a building for a lawful purpose will not be restrained where it is not shown that it will necessarily be a nuisance, nor will the erection of a building not in itself a nuisance be enjoined on the ground that certain uses to which it is alleged that it is to be devoted will constitute it a nuisance where it is neither alleged nor proved that the building could not be devoted to other uses which would not constitute it a nuisance. So also an injunction against a legitimate business will not be granted because it is feared that it may become a nuisance, for the presumption is that it will be conducted in a proper manner; but in order to warrant an injunction it must appear that the operation of the business will necessarily be a nuisance."

To the same effect was the holding of this court in the case of Von Hatzfeld v. Neece, supra, which was a case very similar to the one made by the plaintiffs in the present case. It was there expressly held that the business of conducting a grocery store in a residential section is not a nuisance per se, enjoinable in equity at once and as a matter of law. It will be time enough for equity to interfere when, if in fact, the business later should be so conducted as to constitute a nuisance. The allegations in the petition, to the effect that the construction and maintenance of the store building described in the plaintiffs' petition, and as alleged, "will necessarily constitute a nuisance," amount to but conclusions of the pleader, and are not equivalent to allegations of fact, which as a matter of law would amount to a nuisance enjoinable in equity. See City of Electra v. Cross, supra.

We feel that the subject has been so thoroughly discussed in the authorities cited that nothing further need be said in elaboration, and we conclude that the court below correctly sustained the general demurrer.

The judgment is accordingly affirmed.

BUCK, J., recused, not sitting.