T. J. WAGGONER ET AL. V. FLORAL HEIGHTS BAPTIST CHURCH
ET AL.

No. 4633.    Decided November 24, 1926.
(288 S. W., 129).

**1.—Restricted Residence Section—Deed—Time Limit.**

Conveyances to purchasers of lots in a city addition contained a restriction that "the lots hereby conveyed shall not within a period of ten years ·from date be used for any other than residence purposes." The ten years from date·of purchase having expired, the restriction ceased and was no longer available as ground for an injunction, at suit of residence owners in the neighborhood, against use of the lots by their proprietors for erection of a building for public worship.   (P. 192).

**2.—Nuisance—Church Building.**

A building for public worship cannot be pronounced a nuisance per se, nor its erection be enjoined on that ground on complaint of neighboring residence owners.   (P. 192).

**3.—Same—Anticipated Nuisance.**

Injunction against a building as a nuisance will not be issued in advance of its erection unless it be certain that it will constitute a nuisance. (P. 192).

**4.—Same.**

See allegations of injury to the property of neighboring residence owners to be occasioned by the erection of a house for public worship (accumulation of motor vehicles and noise and obstruction of street traffic thereby and noise of public services and music) held not subject to demurrer as failing to show a nuisance which might be enjoined.   It was error, while properly refusing on the face of the verified pleadings a preliminary injunction against the erection, to dismiss the petition on such preliminary hearing without a trial and hearing of evidence on the issues presented.   (Pp. 190, 193).

**5.—Same.**

It is not every hurt to another's property which will constitute a building a nuisance; but it must be an unreasonable one under all the circumstances.   (P. 193).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for its opinion thereon and here adopts same and directs that it be certified as the answer of the court.

*Bonner, Bonner & Fryer*, and *Martin & O'Neal*, for appellants.

The pleadings of appellants not only alleged a cause of action, but, the material facts not being denied, it was obligatory on the trial court to grant the relief prayed for. But, at the outset, we wish to make plain our position, that, in any event, upon this preliminary hearing in chambers, the court was without power to legally dispose of the case by dismissing appellants' pleadings, which judgment, if affirmed, will entirely and forever preclude appellants from being further heard upon this or any amended pleading. Hawley v. Warlick, 267 S. W., 332; Riggins v. Thompson, 96 Texas, 154; Ex Parte Zuccaro, 106 Texas, 199; City of Fort Worth v. Fort Worth Acid Works Co. (Com. App.), 259 S. W., 919; City of Fort Worth v. First Baptist Church, 268 S. W., 1016.

While a church is not above the law, but, as has many times been declared, is governed by the same laws and rules of procedure as govern other persons, corporations and societies, yet it is by no means a welcome or pleasant burden which appellants have assumed here in showing that, under the peculiar circumstances surrounding the location of their respective residences and the activities of the present-day church such as the defendants propose to construct and maintain, the building of same at the locality in question would not only greatly damage appellants pecuniarily but would render their homes uninhabitable in some instances and, in other instances, would seriously impair the use and value of their respective residences for home purposes. Moore v. Coleman, 185 S. W., 936; Lewis v. Berney, 230 S. W., 246; Waters-Pierce Co. v. Cook, 26 S. W., 97; Jung v. Neraz, 71 Texas, 398; Baltimore, etc. R. Co. v. First Baptist Church, 108 U. S., 317; Harty v. Guerra, 269 S. W., 264; 29 Cyc., 1165; 20 R. C. L., 428; Hisey v. Eastminster Presbyterian Church, 109 S. W., 60.

By reading the pleadings of the appellants in this case, which set out in detail their respective holdings and investments entailed, we believe this honorable court will be convinced that appellants were induced to believe, and did believe, that they were safe and secure, in the building of their homes in said district, from all interferences of public buildings or business concerns of any kind. The correctness of appellants' contention

and of their right to be protected is well sustained by the following authorities: Hooper v. Lottman, 171 S. W., 270; Wilson Co. v. Gordon, 224 S. W., 703; Lowrance v. Woods, 118 S. W., 551; Curlee v. Walker, 244 S. W., 497; Johnson v. Mt. Baker Park Presb. Church, 194 Pac., 536; Talmadge v. East River Bank, 26 N. Y., 105; Bimson v. Bultman, 38 N. Y. Supp., 209; Bridgewater v. Ocean City R. R. Co., 62 N. J. Eq., 276.

*E. R. Surles,* and *Carrigan, Britain, Morgan & King,* for appellees.

The question of what constitutes a nuisance has been before this Honorable Court so often that we think that it is hardly necessary to present a written brief on this question, but present a number of the authorities for convenience for the court. 20 R. C. L., 27; Boren v. Magnolia Petr. Co., 266 S. W., 623; City of Electra v. Cross, 225 S. W., 795; Von Hatzfeld v. Neece, 223 S. W., 1034; Dunn v. City of Austin, 77 Texas, 139; Hamm v. Gunn, 113 S. W., 304; Haynes v. Hedrick, 223 S. W., 550; Goose Creek Ice Co. v. Wood, 223 S. W., 324; Dickson v. Barr, 235 S. W., 977.

It seems to us reason enough that a church could not constitute a nuisance, because in running the indexes and searching the records through all of the law books used for that purpose in the United States we have found nearly everything attempted to be enjoined as a nuisance except a church. The only reference that we have found to such is in the case of Brown v. Easterday, a Nebraska case, 194 S. W., 798, in which the court held that an oil and gasoline filling station which it was proposed to erect in a residence district could not be held to be a nuisance per se.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second District certifies the following question:

"This suit was instituted by T. J. Waggoner and several other persons against the Floral Heights Baptist Church, duly incorporated under the laws of the State of Texas, and its trustees and L. H. Frank, Solon R. Featherston and Thomas R. Wynn, as individuals, to restrain the defendants from erecting a church tabernacle on lots 9, 10, 11 and 12, in block No. 60, of the Floral Heights Addition to the City of Wichita Falls, located within a district which was platted and designed for residential purposes exclusively, and in which district plaintiffs have established

their homes, relying upon assurances that nothing but residences would ever be erected within such restricted district.

"According to allegations in the petition, on April 16, 1909, the Floral Heights Realty Company, a private corporation duly incorporated under the laws of the State of Texas, acquired title to 409 acres of land situated near to and adjoining the City of Wichita Falls, Texas. Thereafter the company subdivided the tract into what is known as the Floral Heights Addition to said city, laying off the same into lots, blocks, alleys, streets and parks, and recorded the map of such subdivision in the deed records of Wichita County. The subdivision of the property was made for the purpose of selling the same to the public.

"At a meeting of the board of directors of the company, on February 2, 1910, a resolution was adopted, setting apart eighteen blocks of the addition as a restricted residential district. Later, at another meeting of the board, a resolution was passed fixing a period of ten years for the duration of the restriction upon any and all lots sold in the restricted area. The restricted area was set apart for residential purposes only, with the intention that no business of any kind should be carried on or any public building erected within said restricted area.

"According to further allegations in the petition, plaintiffs bought their respective lots in said restricted area and erected expensive residences thereon, which they are now occupying as their homes; all in close proximity to lots 9, 10, 11 and 12 in block 60, of the addition which the Floral Heights Baptist Church has contracted to purchase, and on which it is now undertaking to erect a church tabernacle to be used for public worship.

"According to further allegations, if said property is used for said purpose, plaintiffs and their families, while occupying their homes, will be greatly annoyed and harassed by a large number of automobiles and motor vehicles assembling in streets and alleys adjoining said property, by continuous noises caused by starting and stopping such vehicles, and the congestion of traffic along the streets in the vicinity of the proposed church building, and by the noises and confusion caused by those holding services and public meetings in the church, by loud singing, loud preaching, and the playing of various instruments of music; and that by reason of such annoyances plaintiffs and their families will be disturbed in their rest and sleep; also that the market value of the plaintiffs' property will be greatly depreciated; all to the irreparable injury of the plaintiffs.

"Plaintiffs further allege that the defendant church does not

need the edifice which it is proposing to build, since it already has on lots 16 and 17, in block 42 of the same addition, a church building which was erected about five years ago, which is sufficient to accommodate the wants of its attendants; and that in addition thereto, its members live in close proximity to two other Baptist churches where they are welcome to attend, one being the First Baptist Church in the City of Wichita Falls, having a seating capacity of 2,000 people, and another church of the same denomination situated in another nearby portion of the city.

"The petition is replete with allegations of the relative locations of the properties of the plaintiffs to the property on which the church tabernacle is proposed to be built, the respective costs of the plaintiffs' residences, and the manner in which plaintiffs will be disturbed and annoyed by the holding of services in the tabernacle; an enumeration of all of which becomes unnecessary as the petition will accompany this certificate.

"The petition was duly verified, and when it was presented to the trial judge, an order was made appointing a day for its hearing, and directing that the defendants be cited to appear at that time and show cause why the relief prayed for should not be granted.

"Thereafter, other resident citizens in the Floral Heights Addition filed their verified plea of intervention, alleging that they also had established their residences in that addition; and joining with the plaintiffs in seeking the writ of injunction, and adopting the allegations contained in the plaintiffs' petition.

"Defendants filed their verified demurrer, a general denial, and specifically denying that the erection and use of the proposed church edifice will cause the annoyance and disturbance alleged in plaintiffs' petition.

"No evidence was introduced upon the hearing of the petition, although defendants admitted in open court that the ten-year restriction in the deed by the Floral Heights Realty Company to the original purchaser of lots 11 and 12 against the use of those lots for any purpose except for residences, has not yet expired. Upon that admission and upon the pleadings filed, the trial judge entered an order granting the injunction in so far as it related to lots 11 and 12 and denying the injunction as to lots 9 and 10, and dismissing the suit as to those lots. From that portion of the order refusing to grant the injunction as to lots 9 and 10, and dismissing the suit as to them, the plaintiffs and intervenors have prosecuted this appeal.

"In view of the public importance of the issues involved and

of the necessity of an authoritative determination thereof, we deem it advisable to certify to your Honorable Court the question, viz., whether or not the trial judge erred in the ruling complained of by appellants?"

The trial court did not err in refusing to grant the temporary writ of injunction prayed for. This portion of the order was expressly put upon the ground that the restriction contained in the title as to lots 9 and 10 had expired by its own terms—the restriction appearing in the deed under which the appellees claim, and being, "that the lots hereby conveyed shall not within a period of ten years from date be used for any other than residence purposes." There is no merit in appellants' contention that this language, under the circumstances, evidenced an intention for a perpetual restriction. The restriction obviously was limited to ten years from date of the deed. The apparent purpose, if we are concerned with motive where the language is so plain, was to enforce such restriction for a time only sufficient to enable the development company to sell its holdings. Or possibly it was due to the expectation that the growth of the city within that time might render such further restriction undesirable. At all events, the language is plain and certain, and the restriction relied upon having expired by its own terms, the court could not do otherwise than refuse any relief based thereon.

The court's action in denying the temporary writ was also right, viewing the petition as complaining of the structure as a threatened nuisance.

The rule in such case is well settled to the effect no injunction will be issued in advance of the structure unless it be certain the same will constitute a nuisance. It finds apt expression in a quotation contained in Dunn v. City of Austin, 77 Texas, 139, 11 S. W., 1125, as follows:

"Nor will the court interfere when the thing complained of is not in existence, but may be called into existence by threatened acts of the defendant in the exercise of his lawful dominion over his property and it is uncertain, dependent on the circumstances in the future, whether it will or not operate injuriously."

That a church is not a nuisance *per se* would seem to be a self-evident proposition. For that reason also the trial court did not err in denying the temporary writ.

But the petition was not subject to a demurrer. A church building is as lawful as any other structure. It is not only lawful, but essential to our Christian civilization, and will be given the same protection of the law as is afforded the residence

for the family, or the place for exercising the pursuit of one's lawful business.   It is not, however, above the law.   Like any other edifice or structure, however lawful in purpose and use ordinarily, it may become unlawful.   The place of its location, and the time, and manner of its use, may be such under the circumstances as to constitute that interference with the rights of others as to become in law a nuisance abatable as such. Whether such a condition has arisen is, of course, a question of fact triable as any other fact issue, where witnesses may be heard and a verdict had.

The allegations of the petition which we have considered because of the reference in the certificate are broad enough to demand such a trial and the court should not have dismissed the plaintiffs' case upon the hearing for a preliminary injunction as he appears to have done.

We are not called upon to express any views as to the applicability of the common law of nuisances to a case like this.   The principles themselves are as virile as ever, but their application in a given case are necessarily affected by our changed conditions due to a complex and advanced civilization.   That use which will be enjoined as a nuisance is not every "hurt" which is inflicted upon another, but must be an unreasonable one under all the circumstances.

We think the question certified should be answered as indicated.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.