## ASSEMBLY OF GOD CHURCH OF TA-HOKA v. BRADLEY et al.

### No. 5722.

Court of Civil Appeals of Texas. Amarillo.
Sept. 9, 1946.

Thomas & Thomas, of Big Spring, and Rollin McCord, of Tahoka, for appellant.

Nelson, Brown & McCleskey, of Lubbock, for appellees.

BOYCE, Justice.

This is an appeal by the Assembly of God Church of Tahoka, Texas, from a judgment granting Don Bradley and five others an injunction prohibiting the construction by appellant of a church building on a certain lot in Tahoka. The judgment is based upon a jury verdict, one of the findings being that in the event the church were built it would be maintained and operated in such a manner as to constitute a nuisance.

We shall first consider preliminary questions raised by a motion to extend the time for filing appellant's brief, a motion to dismiss the appeal and a motion to postpone the submission of the case.

The appellant tendered its brief, together with a motion to extend the time for filing the same, some twenty days later than the time allowed by Rule 414, Texas Rules of Civil Procedure, as amended on December 31, 1943. Later appellant filed a motion to postpone the submission of the case. Both motions were resisted by appellees, who in

turn filed a motion to dismiss the appeal for want of prosecution.

The allegations of good cause for failure to file the brief on time are:

(1) Lack of familiarity of appellant's attorneys with the Amendment, effective December 31, 1943, to Rule 414; (2) professional engagements and ill health of one of the attorneys; (3) a political campaign by another; and (4) lack of competent stenographic help in the office of the attorneys.

We think it elemental that lack of familiarity of the attorneys with the 1943 amendment to Rule 414 is not good cause for failure to comply with the rule.

The record shows that appellant is represented by two attorneys who are partners and a third who practices alone. All three joined in the motion to extend the time for filing the brief, although the attorney who practices alone later disclaimed any responsibility for the prosecution of the appeal. The professional engagements and the illness of one of the members of the firm and the political campaign being conducted by the other do not constitute good cause for failure to file the brief in time. Ransom v. Phillips Petroleum Co., Tex.Civ.App., 144 S.W.2d 921, writ of error dismissed, judgment correct; Boyd v. Chicago R. I. & P. Ry. Co., Tex.Civ.App., 149 S.W.2d 1053; Daniel v. Nixon, Tex. Civ.App., 225 S.W. 579. It has also been held that lack of stenographic help is not a sufficient excuse for failure to prepare an appeal for submission. Graves v. Connecticut Gen. Life Ins. Co., Tex.Civ.App., 104 S.W.2d 121, writ of error dismissed.

Because no good cause has been shown for appellant's failure to file its brief on time, the motions to extend the time for filing the brief and to postpone the submission of the case are overruled.

The appellees brought this suit to enjoin an apprehended, not an existing, nuisance. We think the question raised is of sufficient importance to require an examination of the record and, therefore, in accordance with the provisions of Rule 415, Texas Rules of Civil Procedure, we overrule the motion to dismiss the appeal.

Ordinarily before the construction of a building, which is not a nuisance per se, will be enjoined, it must appear that the use of the building will necessarily create a nuisance. Robinson v. Dale, 62 Tex.Civ.App. 277, 131 S.W. 308; Goose Creek Ice Company v. Wood, Tex.Civ.App., 223 S.W. 324; Dickson v. Barr, Tex.Civ. App., 235 S.W. 977. A church building is not a nuisance per se but its location and the time and manner of its use may create a nuisance. Waggoner v. Floral Heights Baptist Church, 116 Tex. 187, 288 S.W. 129. Whether the use of a building will necessarily create a nuisance is a question of fact which can be tried in advance of the construction of the building. Huff v. Letsinger, Tex.Civ.App., 7 S.W.2d 181, writ of error refused; Mast v. Oakley-Metcalf Funeral Home, Tex.Civ.App., 101 S.W.2d 819.

Under the authorities cited, it is our opinion that the judgment should be affirmed if the evidence supports the jury's finding that the building, when constructed, would be maintained and used in such a manner as to be a nuisance.

There is evidence to the effect that:

The proposed church site is in a section of Tahoka primarily used for residential purposes. One of the appellees owns and occupies a home on the lot adjoining the proposed site. The other appellees live at distances of from one hundred to about four hundred feet from the site. In the past the church has conducted its services almost nightly during the summer months; these services began early in the evening and lasted until one or two o'clock in the morning. During the services, the membership in unison would at intervals sing and shout in loud voices; the singing and shouting continued until the services were closed. One witness testified that the noise of the singing and shouting had been heard by him at a distance of more than one mile; another testified that he had been disturbed by the noise while in his home more than twenty four hundred feet from the church. The building occupied by the church at the time of the trial had a seating capacity of approximately one hundred twenty five people; during the revival services, those

attending the church overflowed onto the lawn and a loud speaker had been installed outside the building in order that those who were outside might hear. One of the church trustees testified that the new church is to be larger than the one on the old site and the use of the loud speaker is not contemplated; he further said that the services will, with the exception of the loud speaker, be conducted in the future as in the past.

It is our opinion that the evidence supports the jury's finding. Having found no fundamental error, the judgment is affirmed.