**J. B. DOMENGEAUX et ux., Appellants,**

v.

**KIRKWOOD & COMPANY, Appellee.**

No. 13059.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 19, 1956.

---

Joe Caldwell, Rockport, for appellants.

Perkins, Floyd & Davis, Alice, Weldon Cabiness, Rockport, for appellee.

POPE, Justice.

J. B. Domengeaux and wife, Jewell Domengeaux, own and operate the Sandra Courts, tourist facilities, on the beach north of Rockport, Texas. On May 10, 1955, Kirkwood & Company moved a drilling rig about sixty feet from the west side of the Domengeaux property line and commenced to drill for oil. These operations continued for twenty-four hours each day for twenty days. Domengeaux and wife claimed that the operations were a nuisance which injured them personally, and that their tenants vacated the premises by reason of the noise, fumes, lights and vibration incident to the drilling operations. The case was tried before the court without a jury and the court denied all relief to the plaintiffs.

According to the findings of fact, Domengeaux and wife acquired their property by deed from R. J. Coffee in January of 1954. Coffee reserved all minerals. Later Coffee executed an oil and gas lease to W. D. Darsey, Jr., which covered the Domengeaux lands and also the lands to the west. Darsey assigned one-half interest in the lease to Kirkwood & Company down to a depth of 6,000 feet. Kirkwood & Company and Darsey then made a joint operating agreement by which Kirkwood & Company agreed to drill a directional well toward the east. The operations commenced on the land west of the Domengeaux property. At a point between three and four thousand feet below the surface the hole entered the sub-surface below the Domengeaux property, and at some undetermined time and depth it left the Domengeaux sub-surface and entered the lands to the east of Domengeaux, which was below the bay.

The suit was tried on the theory that the manner of conducting the drilling operations was a nuisance. The court filed a conclusion of law that the drilling operations were not a nuisance per se. That is a correct legal proposition. Windfall Mfg. Co. v. Patterson, 148 Ind. 414, 47 N.E. 2, 37 L.R.A. 381; 66 C.J.S., Nuisances, § 65; 4 Summers, Oil and Gas, § 654. The court further concluded that the operations were not a nuisance in fact. The fact finder must determine whether a particular thing, act, omission, or use of property is a nuisance in fact. Waggoner v. Floral Heights Baptist Church, 116 Tex. 187, 288 S.W. 129; Gulf Oil Corporation v. Vestal, Tex.Civ.App., 231 S.W.2d 523, 525, affirmed 149 Tex. 487, 235 S.W.2d 440; 66 C.J.S., Nuisances, § 153; 39 Am.Jur., Nuisances, § 145.

The trial court, more appropriately, should have made its declaration of the non-existence of a nuisance in fact as a finding rather than a conclusion. However, the court, sitting both in judgment of the facts and the law, definitely adjudged that no nuisance in fact existed. That fact was disputed but has support in the evidence. A portion of the evidence showed that Domengeaux helped locate the site for the drilling operations. His only complaint during the twenty days the rig operated concerned a guy wire on his property, and

it was moved. There is evidence that the rig was operated as carefully and quietly as possible and special steps were taken to reduce the noise. The fact finder determined that no nuisance in fact existed, and that fact defeated the only pleaded grounds of recovery. Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S.W. 119, 27 L.R.A.,N.S., 237.

■ Several complaints on this appeal arise out of the trial court's refusal to permit plaintiffs to file a second amended original petition. In our opinion, the trial court did not abuse its discretion in refusing the request to file the amendment. The case was set for trial on September 13, 1955, but the court was then engaged in another trial and unable to reach the case. On that day the plaintiffs filed their first amended petition. The parties agreed to a special setting of the case for February 14, 1956. On that date plaintiffs tendered their second amended original petition and the court refused leave to file it. The new petition, for the first time, asserted different grounds for recovery based on trespass and also sought exemplary damages. The new theory was presented on the day of trial and the court's denial of leave to file the late pleading was a sound exercise of discretion. Rule 63, Texas Rules of Civil Procedure.

■■ Plaintiffs orally requested a continuance on grounds of surprise, when the court refused leave to file the amended pleading. Defendant did not object or consent to the continuance, but a court is not bound to abide even an agreement of parties to postpone. A court has and ought to exercise control over its docket. This case had been specially set for several months, which fact should have moved plaintiffs to comply with Rule 63, if they intended to amend by asserting a new and different theory. The trial court did not abuse its discretion in denying the request for continuance, especially when no written motion supported by affidavit was filed. Rule 251, T.R.C.P.; Dean v. Allied Oil Co.,

Tex.Civ.App., 261 S.W.2d 900; Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816.

■ Complaint is made that the trial judge failed to make certain requested findings of fact in addition to those made. The judge did fail to make the additional findings, but the failure is harmless. The suit was one for damages occasioned by a nuisance, and the court found that there was no nuisance. That finding was the ultimate fact under the properly pleaded case. It was not incumbent upon the court to make findings of an evidentiary nature, nor to find facts which relate to the trespass theory embraced within the amended pleading which the court did not permit plaintiffs to file, nor to make findings which conflict with those already made. Tijerina v. Botello, Tex.Civ.App., 207 S.W.2d 136.

The judgment is affirmed.