E. E. CONNER et al., Appellants,

v.

E. W. SMITH et al., Appellees.

No. 420.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 17, 1968.

Rehearing Denied Nov. 14, 1968.

J. Toll Underwood, of Underwood & Holcombe, Houston, for appellants.

George P. Willis, of Willis & Willis, El Campo, for appellees.

## OPINION

GREEN, Chief Justice.

This is an appeal from a judgment enjoining appellants, defendants in the trial court, from the continued construction and the operation of a proposed hide plant on their property just outside the city limits of Wharton, Wharton County, Texas. The case was tried without a jury, and no separate findings of facts or conclusions of law were requested. The following fact findings were contained in the decree:

"And it appearing to the Court that the operation of the proposed plant would produce odors disagreeable to persons of ordinary sensibilities which said odors would be recurring and would materially interfere with the enjoyment of their respective homes by those residing in the vicinity; thereby creating a public nuisance.

And it further appearing to the Court that the injury to the Plaintiffs and to those living and owning property in the vicinity of the proposed plant would not be slight (if the proposed plant was constructed and operated) in comparison to the injury to be caused the Defendants and the general public if the plant were not so constructed and operated and that such injury is one which could not be adequately compensated by damages in an action at law;

And it further appearing to the Court that the injunction sought herein by Plaintiffs should be granted."

The judgment proceeds in appropriate language to grant the injunction as above stated.

Appellants' first three points of error are (1) that there was no evidence and (2)

insufficient evidence to support such judgment that a nuisance exists with that degree of certainty required by law, and (3) that such judgment is contrary to the great weight and preponderance of the evidence.

Appellees in their trial petition did not plead that the further construction and use by appellants of the property in question would *necessarily* produce a situation constituting a nuisance to them and other home owners in their position. (See Orsinger v. Schoenfeld, Tex.Civ.App., 269 S. W.2d 561, hereafter discussed). Their allegations were that "It is highly probable" and that they fear "that in all probability" the operations by appellants would create such a situation. As will hereafter be discussed, after a thorough study of all of the evidence it is our conclusion that the most that can be said in favor of the trial court's judgment is that the evidence indicates that defendants' proposed operation of the hide plant *may* prove to become a nuisance, but it is not shown that such operations will *necessarily* create a nuisance.

The evidence reflects that appellant Conner through corporations owned by him and under his control had operated a hide plant on property to the north of Wharton in a partially residential area for about 23 years. It is made clear that in his hide business, Conner did not operate a slaughtering house or rendering or packing plant. He bought beef hides and on occasion those of sheep and wild animals in quantities from slaughter houses and others, and the hides, salted down, were transported generally in railroad cars or trucks to his plant, where they were trimmed, some cleansing work performed, graded and sorted for weights, stored, and thereafter shipped to customers to whom they had been sold. It became necessary in 1967 for him to relocate his business, since a new highway was being built on and through the property where his old plant was situated. In 1965 he had purchased two acres of land with a building on it just south of Wharton outside of the city limits and less than a quarter of a mile from a residential

subdivision where plaintiffs and others whom they represented as a class had their homes. This property was near the railroad, and a siding was located along side of the building. In 1967 he purchased an adjoining two acres, and it was on this 4 acre tract that appellants were constructing and planning to operate the hide plant.

It was established by the evidence, and appellants do not seriously contest this, that conditions around the old plant were very poor, dirty and unsanitary. Because of the manner in which the hides were handled, in which filthy water was permitted to run in ditches, flies breed, and putrid odors allowed to permeate the air, a nuisance in fact had been created. A great portion of appellees' evidence concerned this old plant and its operations.

At the time of the trial, the buildings at the new plant had not been completed nor had any operations been started. It was appellants' position that this plant was to be constructed along modern approved plans and specifications, and was to be operated in a sanitary, modern manner; that all dealings with the hides were to be in an enclosed air-conditioned building, with modern sanitary vats for storage and the best of sanitary methods of disposing of the waste materials, and that conditions were to be greatly improved so that the sensibilities of nearby residents would not be bothered by offensive odors or unsightly scenes. Outside of the evidence of their expert witness Dr. Quebedeaux, appellees appear to have relied in order to establish that this plant would in fact be a nuisance, upon the assumption that appellants would continue to operate as they had in the past, and on evidence that the value of appellees' property would be greatly reduced by reason of the construction and operation of this plant in the neighborhood.

In Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615, the court held the operation of a rendering plant to be a lawful business, and not a nuisance per se. This would also be true as to this new hide plant. However, as stated in that opinion, a lawful business may become a nuisance in fact when it is operated in such a place or manner as seriously to interfere with the enjoyment of life and property.

The rule has been definitely established by our Texas courts that before the construction of a building and the operation of a business not a nuisance per se will be enjoined it must appear that the proposed use of the building will *necessarily* create a nuisance. 41 Tex.Jur.2d p. 634, Nuisances § 66; Waggoner v. Floral Heights Baptist Church, Tex.Com.App., 116 Tex. 187, 288 S.W. 129, op. adopted; Robinson v. Dale, 62 Tex.Civ.App. 277, 131 S.W. 308, n.w.h.; Goose Creek Ice Co. v. Wood, Tex.Civ.App., 223 S.W. 324, n.w.h.; Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833, wr. ref.; Dickson v. Barr, Tex.Civ.App., 235 S.W. 977, n.w.h.; Assembly of God Church of Tahoka v. Bradley, Tex.Civ.App., 196 S.W.2d 696; Jones v. Highland Memorial Park, Tex.Civ.App., 242 S.W.2d 250; Orsinger v. Schoenfeld, Tex.Civ.App., 269 S.W.2d 561; Schulman v. City of Houston, Tex.Civ.App., 406 S.W.2d 219, 225, wr. ref. n.r.e., 412 S.W.2d 34. It is clear from the above authorities that an injunction will not properly issue before construction and operation where the parties only fear that a nuisance will be created, or where the evidence merely indicates that such nuisance may result from such construction and operations. In Jones v. Highland Memorial Park, supra, the court considered the question as to whether or not the building of a cemetery could be enjoined by nearby property owners who feared that a health hazard might arise in that their water wells might be contaminated. The court emphasized that the fear of an operation becoming a nuisance is not ground for an injunction, and said that "the burden is upon them (appellants) to show with definiteness and certainty that their wells will be contaminated if the proposed cemetery is opened and operated."

Dr. Quebedeaux, Director of the Air and Water Pollution Control Section for the Harris County Health Department, testified as an expert witness for appellees. His qualifications were admitted by appellants. A plan of the plant under construction was placed in evidence, and under direct examination the witness found a number of flaws and inadequacies in these plans which in his opinion would cause bad odors to escape and interfere materially with appellees' enjoyment of their homes. However, he readily admitted that these faults could be remedied without much difficulty, and further stated that after the plant started operating, he would be in much better position to say "whether it was operating at the desired level."

Appellant Conner thereafter took the stand and testified that he did not intend to operate this plant in the same manner of the old plant, but that he desired to construct and maintain a modern business according to the most modernly accepted and approved sanitary plans, and that he had heard the criticisms of Dr. Quebedeaux, and intended to meet them. Other testimony was introduced by appellants to establish that the new plant when operated as Conner testified he intended to operate same would not constitute a nuisance to the surrounding property owners. Of course, as appellees argue, the trial court was the judge of the credibility of the witnesses and the weight to be given their testimony, and was under no obligations to believe Conner or his witnesses. However, the burden was on appellees to establish by evidence that appellants' plant, when constructed and in operation, would *of a certainty* constitute a nuisance. See authorities cited above. The evidence of the manner in which the old plant had deteriorated was not determinative of this point, especially in view of appellees' failure to show that appellants did intend to construct and operate the new plant in similar manner to the old. Robinson v. Dale, supra; Strieber v. Ward, Tex.Civ.App., 196 S.W. 720.

In Assembly of God Church of Tahoka v. Bradley, Tex.Civ.App., 196 S.W. 696, n. w.h., cited by appellees, in which the construction of a church building in a residential section was enjoined, it was expressly emphasized that the defendants expected to continue to operate in the same manner as before, a manner which the court held was sufficient to constitute a nuisance. See also O'Daniel v. Libal, Tex.Civ.App., 196 S.W.2d 211, 213, n.w.h.

In Orsinger v. Schoenfeld, Tex.Civ.App., 269 S.W.2d 561, wr.ref. n.r.e., special exceptions had been sustained to plaintiffs' petition which sought to enjoin the operations of a quarry. Justice Pope's opinion pointed out very clearly that the petition did more than allege that a nuisance "may" occur, but that it asserted positively and with certainty that "the establishment and operation of such quarry will *necessarily* cause and result in the situation and conditions hereinafter described" and the cause was remanded in order to give plaintiff an opportunity to show by evidence whether the things complained of will *necessarily* occur and produce a nuisance.

There was much evidence of a large loss in the value of appellees' real property due to the proposed location of appellants' hide house in the new place. Since there is an adequate remedy at law for such loss as may be caused by any wrongful operation of appellants' business this evidence, while admissible on the issue of balancing of equities, (Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615) will not suffice to serve as a basis for injunctive relief. Hill v. Brown, Tex.Com.App., 237 S.W. 252, cited with approval by Sup.Ct. in Storey, supra; Galveston, H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S.W. 134, 21 L.R.A.,N. S., 749; Bagley v. Higginbotham, Tex. Civ.App., 353 S.W.2d 868, wr.ref. n.r.e.

We have carefully read and considered all of the lengthy (495 pages) statement of facts, and are unable to find evidence which, when construed most favor-

ably to appellees, establishes that the things complained will *necessarily* produce a nuisance as that term is understood in law and equity. Appellants' points 1, 2, and 3 are sustained. It becomes unnecessary to pass upon the remaining points of error.

The judgment of the trial court is reversed, and judgment is here rendered dissolving the injunction, but without prejudice to appellees' right hereafter to relief in subsequent litigation either in damages or by injunction if in the actual operation of the hide plant, after same has been constructed, their rights should prove to be materially and adversely affected thereby.

Reversed and rendered.