**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jamey RAMSEY, Appellee.**

**No. 08-87-00017-CV.**

Court of Appeals of Texas, El Paso.

Aug. 19, 1987.

Rehearing Denied Oct. 14, 1987.

Barry N. Beck, Julia E. Vaughan, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Ruff Ahders, Ruff Ahders, Assoc., Odessa, Michol O'Connor, Houston, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice

This is an appeal from a judgment setting aside a compromise settlement agreement in a workers' compensation case. We reverse and render.

Plaintiff alleged fraud, mistake and conflict of interest by his then attorney, Allen McFall. Mr. McFall had represented Defendant Texas Employers' Insurance Association on unrelated subrogation matters during the time he represented the Plaintiff. The attorney was not made a party to this action. The Plaintiff alleged that the signing of the agreement was the result of mistake and/or fraud existing by and be-

tween the said insurance agent (McFall) and the Plaintiff.

The jury found that Mr. McFall did not fail to disclose the dual representation but that the Plaintiff did not "acquiesce" to it. The jury further found the Plaintiff to be entitled to more money and benefits than the compromise settlement agreement provided.

The Defendant complains of lack of proof of agency and that the trial court erroneously denied his motions for instructed verdict and judgment notwithstanding the verdict based thereon.

■ The Plaintiff contends agency was established under the guidelines set forth in *Rodriguez v. American Home Assurance Company*, 735 S.W.2d 241 (Tex.1987). The evidence shows that the lawyer was in no way recommended to the Plaintiff by the carrier, and there was no evidence that any evidentiary report composed by the attorney was used by the carrier or employer in reaching the settlement. We see no similarity of facts or theory.

The Plaintiff further contends that the Defendant did not execute a verified denial of agency as required by Rule 93, secs. 2 and 7, Tex.R.Civ.P., and thereby agency was established as a matter of law.

Section 2 provides that where pleadings assert that Plaintiff has no legal capacity to sue, or that the Defendant has no legal capacity to be sued, it must be verified. *Risinger v. Fidelity and Deposit Company of Maryland*, 437 S.W.2d 294 (Tex.Civ. App.—Dallas 1969, no writ), holds that a denial of agency is not encompassed by this rule. Further, *Conrad v. Artha Garza Co.*, 615 S.W.2d 238 (Tex.Civ.App.—Dallas 1981, no writ), holds that "capacity" is the "standing" of a party to assert or defend the action before the court, and the rule does not relate to the merit of the cause of action or defense. In other words, an action may be brought only against a party who actually or legally exists and is legally capable of being sued. Dead persons, infants and incompetents are legally disqualified as parties to lawsuits. Rule 93, sec. 2, supra, refers to the status of these types of entities. Whether it could be proven they were liable as a principal to a transaction (element or merit of a cause of action) could be of no consequence as they would have no capacity, per se, to be a party to the suit.

■ Defendant did not deny under oath the execution of the compromise settlement agreement. The Plaintiff asserts that Rule 93, sec. 7, which requires a verified denial of the execution of a written instrument by a party or under his authority, also dispenses with the necessity of proving agency. This has no relevance because the Defendant does not deny the execution of the instrument, and to the contrary, seeks to enforce it.

Plaintiff also claims agency was established by circumstantial evidence, citing several actions by the attorney. None of these acts were traceable to the alleged principal to establish any agency relationship.

No misrepresentation, through agency or otherwise, was established on the part of the carrier. Any alleged breach of fiduciary duty or violation of the code of professional responsibilities on the part of the attorney cannot be imputed to the carrier.

Judgment of the trial court is reversed and judgment is hereby rendered that the Plaintiff take nothing.