Seth FREEDMAN, Trustee and Barry Lewis, Beneficial Owner, Appellants,

v.

BRIARCROFT PROPERTY OWNERS, INC., Appellee.

No. C14–88–0030–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 9, 1989.

Lloyd R. Cunningham, Leslie K. Amann, Houston, for appellants.

Kenneth B. Cole, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, Seth Freedman, Trustee, and Barry Lewis, beneficial owner, appeal the grant of a permanent injunction in favor of appellee, Briarcroft Property Owners, Inc. We reform the judgment and affirm in part and reverse and render in part.

Appellants have operated a shopping center in the Briarcroft Subdivision, Houston, Texas for the past thirty years. The subdivision extends between Westheimer and San Felipe with a number of U-shaped streets which intersect Chimney Rock road. Appellants' center fronts Westheimer at Chimney Rock. To the north of appellants' shopping center stands a ten foot cinderblock wall which completely separates the center from the remainder of the subdivision. The first street to the north of appellants' center is Locke Lane. Locke Lane and the following streets to the north are comprised of single family residences.

Before September 26, 1986, the Briarcroft subdivision was controlled by 1951 deed restrictions. Appellants' lot and those lots facing Locke Lane adjacent to the cinderblock wall comprise that part of the subdivision known as Lot one, Block one. Pursuant to the 1951 deed restrictions, all lots in Lot one, Block one may be used for "apartments, one-story duplexes, and for retail and service business purposes."

In 1985, appellants bought a house and lot on Locke Lane which was a part of Lot one, Block one. On September 24, 1986, appellants began tearing down the house to create a parking lot. The lot was intended

to provide an additional twenty-two parking spaces for the shopping center patrons. On September 26, homeowners in the subdivision executed and filed for public record amended deed restrictions which converted the Lot one, Block one lots facing Locke Lane into only residential lots.

Appellee, Briarcroft Property Owners, Inc., instituted this suit on behalf of approximately 283 homeowners in the Briarcroft subdivision and attempted to enforce the recently amended deed restrictions against appellants to prohibit the use of the Locke Lane lot for business or retail purposes. The trial court partially granted appellants' motion for summary judgment and disallowed appellee's attempted enforcement of the 1986 amended deed restrictions.

At trial, the jury heard the testimony of the Briarcroft subdivision home owners that appellants' proposed parking lot would be a nuisance. The jury was also asked to determine whether appellants' conduct violated the 1951 deed restrictions. The jury returned a "split" verdict, finding that appellants proposed parking lot constituted a nuisance but appellants had not violated the 1951 deed restrictions. Subsequent to the rendering of the jury verdict, the trial court conducted a hearing to allow appellants to present evidence to balance the equities. The trial court entered judgment for appellee, permanently enjoining appellants from building the proposed parking lot and awarded attorneys fees.

■ In point of error one, appellants complain of appellee's standing to bring this suit on the nuisance claim. Appellants' challenge that appellee lacks standing is, in actuality, a challenge to appellee's capacity to sue. *Tex. Employers Inc. Assoc. v. Ramsey,* 740 S.W.2d 3 (Tex.App.—El Paso 1987, writ denied); *Conrad v. Artha Garza Co.,* 615 S.W.2d 238 (Tex.Civ.App.—Dallas 1981, no writ). Such challenge requires the filing of a verified plea pursuant to Rule 93 of the Texas Rules of Civil Procedure. *Pledger v. Schoellkopf Jr.,* 762 S.W.2d 145 (Tex.1988); *Develo–Cepts, Inc. v. City of Galveston,* 668 S.W.2d 790 (Tex.App.—Houston [14th Dist.] 1984, no writ);

*Bluebonnet Farms v. Gibraltar Savings Ass'n,* 618 S.W.2d 81 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■ Appellants did not file a verified plea in order to place the issue before the trial court. Appellants urge that an affidavit attached to their motion for summary judgment which addressed this issue meets the requirements of Rule 93. Neither the affidavit nor the motion for summary judgment is a part of the appellate record. However, it is evident that appellant's contention in this instance is without merit. Affidavits attached to summary judgment motions do not constitute part of the live pleadings of a case. *Cf. Sugarland Business Center, Ltd. v. Norman,* 624 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1981, no writ). Moreover, the trial court overruled appellants' contention on this issue. The overruling of a motion for summary judgment presents nothing for appellate review. *Ackerman v. Vordenhaum,* 403 S.W.2d 362, 364 (Tex.1966). Appellants did not comply with Rule 93 of the Texas Rules of Civil Procedure and the alleged affidavit which was overruled at the summary judgment hearing is not reviewable.

■ However, while appellee's capacity to bring the suit is not properly in issue, the merit of appellee's suit was presumably placed in issue by a mere general denial. *Accord Conrad v. Artha Garza Co.,* 615 S.W.2d at 240. A party having nothing more than a mere naked possession of land, without title or vested interest therein, cannot maintain a suit to restrain a nuisance which injures land or the lawful enjoyment thereof. 66 C.J.S. *Nuisances* § 81 (1950). In order to recover under the merits of such claim, appellee needed to prove its standing. *See Housing Authority v. State ex rel Velasquez,* 539 S.W.2d 911, 913–914 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The record shows that appellee introduced into evidence a copy of its governing by-laws and the 1951 deed restrictions. The various articles of the by-laws confer upon appellee the same powers originally reserved to the grantor. A reading of both instruments reveals that appellee possessed more than a mere license and

was encumbered with the duty to ensure the safety and maintenance of the subdivision on behalf of its residents. 66 C.J.S. *Nuisances* § 82 p. 838 (1950).[1]

■ In point of error two, appellant complains the trial court erred in submitting to the jury a charge which referred to plaintiffs instead of plaintiff. Without a showing of prejudice or harm, the extra "s" was not such a denial of appellants' rights as to cause the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1).

■ In point of error three, appellants contend the trial court erred in denying their motion for summary judgment and their motion for new trial based on the contention that the issue of nuisance was not "ripe" for litigation. As stated previously, a denial of a motion for summary judgment presents nothing for appeal, *Ackerman*, 403 S.W.2d at 365. Therefore, review will be limited to appellants' latter complaint. Therein, appellants appear to contend that appellee was required to wait until the parking lot was in existence before appellee could complain of threatened injury.

■ The law of nuisance may be divided into two categories; nuisance per se and nuisance in fact. 66 C.J.S. *Nuisances* (1950). A nuisance per se or at law is an act, occupation, or structure which is a nuisance at all times, regardless of location. A nuisance in fact or per accidens is one which becomes a nuisance by reason of circumstances and surroundings. *Id.* What constitutes a nuisance is one of degree and usually turns on a question of fact. *Waggoner v. Floral Heights Baptist Church*, 116 Tex. 187, 288 S.W. 129, 131 (Tex.Comm'n App.1926, opinion adopted). Occasionally, the issue of the existence of a nuisance also raises questions involving technical propositions of law and matters of public policy. *Schulman v. City of Houston*, 406 S.W.2d 219 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.), *per curiam*, 412 S.W.2d 34 (Tex.1967). Precedents

drawn from various cases are usually of little value because of the differences in the facts and circumstances. Every case must stand on its own footing. *City of Sundown v. Shewmake*, 691 S.W.2d 57 (Tex.App.—Amarillo 1985, no writ). Whether a nuisance exists is a question to be determined not merely by a consideration of the thing itself, but with respect to all attendant circumstances. 66 C.J.S. *Nuisances* § 8 p. 742 (1950).

■ The general rule is that an injunction will be granted only to restrain an existing nuisance and not to restrain an intended act on the ground that it may become a nuisance. *Id.* at § 113 p. 879. However, a court of equity is empowered to interfere by injunction to prevent a threatened injury where an act or structure will be a nuisance per se, or will be a nuisance for which there is no adequate remedy at law, or where a nuisance is imminent. *Id.* at § 113 p. 881. *See also O'Daniel v. Libal*, 196 S.W.2d 211, 213 (Tex.Civ.App.—Waco 1946, no writ). When an attempt is made to enjoin an anticipated nuisance, the threatened injury must not be merely probable but reasonably certain before a court will exercise its equitable power to restrain it. *O'Daniel*, 196 S.W.2d at 213.

Although a parking lot is not a nuisance per se, *McAshan v. River Oaks Country Club*, 646 S.W.2d 516 (Tex.App.–Houston [1st Dist.] 1982, writ ref'd n.r.e.), the parking lot did not have to be in existence to bring this claim. Appellants' intent to create the parking lot was imminent. Whether appellants' conduct constituted a threatened nuisance was for the fact-finder. However, appellee's suit was certainly ripe enough to complain of appellant's imminent conduct. Point of error three is overruled.

■ In point of error four, appellants contend the evidence was insufficient to support the jury's finding that the proposed use of the lot in question would be a nuisance. In this instance, appellee had to demonstrate to a reasonable certainty that

---

**1.** Alternatively this point could be addressed under the holding of Pledger v. Schoellkopf, Jr., which holds that Rule 93 requires a verified

plea to be filed when a question arises concerning a defendant's or plaintiff's right to bring suit in *whatever* capacity.

the proposed parking lot would be a nuisance. *McAshan,* 646 S.W.2d at 518; *Waggoner,* 288 S.W. at 131; *O'Daniel,* 196 S.W.2d at 213.

Here, the jury heard appellants' architect testify that appellants had previously submitted a proposal to the Houston Building Department which encompassed the tearing down of the cinderblock wall and allowing traffic access from the vacant lot to and from Locke Lane. Appellants' proposed plans were approved by the Building Department. Residents of the subdivision testified that their children played on Locke Lane and many families walked down that street en route to the neighborhood pool. Appellee's expert witness, Lieutenant Hankins testified that the contemplated access on to Locke Lane would cause more traffic and increase the opportunity of the residents' and their children getting hurt. Officer Hankins stated that the increased traffic would inevitably result not only from business patrons but from drivers using the shortcut to Chimney Rock during rush hour. Other residents noted that a food and drink establishment was located in appellants' center. These residents stated their concern over the Locke Lane access and the heightened chances of inebriated drivers driving on Locke Lane.

However, after this testimony, appellants recanted the proposal to access Locke Lane and opined that should they "decide that they don't need access to Locke Lane right now," they could create a "barrier" around the lot, prevent access to and from Locke Lane, and resubmit another proposal for approval from the Houston Building Department. One homeowner testified that even with the existing wall, people were "coming and going over the wall and exiting behind the shopping center." One home had been burglarized by thieves who had scaled the wall. Officer Hanks also testified that he had routinely seen vagrants lurking in the alleyway of the shopping center. He stated that the tearing down of the wall and moving of the lot into the residential area of Locke Lane would allow the opportunity for more thefts and crime in the neighborhood.

Appellants suggested that armed security guards could be employed to direct traffic and deter crime. Against this trial proposal were the statements of residents who relied on the integrity and safety that the neighborhood offered. The residents did not wish to have their children near guns. At best, appellants' belated trial proposal implicitly corroborated the certain possibility that crime would escalate. Whether the location, time and manner of use of the proposed lot was a threatened nuisance was a question of fact. *Waggoner,* 288 S.W. at 131. The jury found that the proposed parking lot would be a nuisance. Although we may have reached a contrary conclusion to that of the jury's, the evidence was sufficient to support this finding. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 896 (1951). Point of error four is overruled.

In point of error five, appellants complain of the trial court's denial of their motion in limine. The overruling of a motion in limine is not reversible error. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963). When a motion in limine is overruled, the proponent thereof must raise an objection to the complained of evidence when it is offered at trial. *Pan Am. Gas. Co. v. Lobit,* 450 S.W.2d 877 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Further, the trial objection must be the same as the objection in the motion in limine for any alleged error to be preserved. *Line Enterprises, Inc. v. Hooks & Matteson Enterprise, Inc.,* 659 S.W.2d 113 (Tex.App.—Amarillo 1983, no writ). Appellants present twenty-five examples of allegedly objectionable testimony. The cited examples fall into basically three categories: (1) appellants raised no objection at the time such testimony was offered; (2) appellants' objection did not comport with the limine objection; and (3) the complained of testimony was elicited by appellants.

Appellants attempt to excuse the above defaults by stating that the trial court agreed to a running objection in the course of an "off-the-record proceeding." A record of such alleged agreement be-

tween appellants and the court is not a part of the record on appeal. It is appellants' burden to present an adequate record showing reversible error. TEX.R.APP.P. 50(d). No error is evident in this instance. Point of error five is overruled.

In point of error six, appellants argue that the trial court's order granting a permanent injunction is outside the scope of the jury verdict. That portion of the trial court's order recites the court's finding that "Briarcroft Property Owners, Inc. and the homeowners on whose behalf Briarcroft Property Owners, Inc. is acting, will suffer irreparable harm and injury if defendants are allowed to proceed with the construction of a parking lot on the lot in question, *or if defendants are allowed to use said lot for any commercial or business purposes whatsoever.*" Although the recital was not a part of the trial court's final order, such "finding" is beyond the scope of the jury's verdict. Thus, we reform the order to delete the finding that appellee and the homeowners on whose behalf it is acting will suffer irreparable harm and injury if appellants are allowed to use said lot for any commercial or business purposes whatsoever. *O'Daniel*, 196 S.W.2d at 216. Point of error six is sustained.

In point of error seven, appellants complain of the award of attorneys fees to appellee. Appellee alleges that its pleadings asserted appellants' violations of various provisions of the 1951 and 1986 deed restrictions and conduct constituting a threatened nuisance. The only issues submitted to the jury were whether appellants' proposed use of the parking lot violated the 1951 deed restrictions and whether the proposed use would constitute a nuisance. *See e.g., Sudderth v. Howard,* 560 S.W.2d 511 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); TEX.R.CIV.P. 279. The jury found in favor of appellee only on the nuisance claim.

The granting of attorneys' fees is dependent on whether the prevailing party has proven a valid claim upon which a judgment is obtained. *Jay–Lor Textiles v. Pacific Compress Warehouse,* 547 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Appellee did not prevail upon the 1951 deed restriction claim pursuant to issue submitted to the jury. Appellee did prevail upon its nuisance claim. The nuisance claim was not based in whole or in part upon the breach of any restrictive covenant. Attorneys fees are not recoverable in an action in tort unless provided by statute or by contract. *New Amsterdam Gas Co. v. Texas Industries, Inc.,* 414 S.W.2d 914 (Tex.1967); *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175 (Tex. App.—Houston [1st Dist.] 1987, no writ). *See also* TEX.PROP.CODE 5.006 (Vernon 1984); TEX.CIV.PRAC. & REM.CODE § 38.001 (Vernon 1986). *See and compare, Radney v. Clear Lake Forest Community Assoc.,* 681 S.W.2d 191 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The trial court's award of attorneys' fees in favor of appellee on its nuisance claim has neither contractual nor statutory support. As such, the award was in error. Point of error seven is sustained.

Appellee brings forward one cross-point of error challenging the trial court's partial grant of summary judgment in favor of appellants. Absent from the record are appellants' motion for, and any affidavits in support of, the grant of summary judgment, appellee's response and affidavits, if any, or any motions for new trial. When a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from such order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Without appellants' motion, this court cannot determine the ground(s) upon which the summary judgment was granted. Moreover, when a summary judgment record is incomplete, as is the case here, any omitted documents are presumed to support the trial court's judgment. *Cantu v. Western Fire & Cas. Inc. Co.,* 723 S.W.2d 668 (Tex.1987). *Accord Zaptero v. Canales,* 730 S.W.2d 111 (Tex.App.—San Antonio 1987, writ

ref'd n.r.e.). Appellee's challenge to the trial court's partial grant of summary judgment is not properly before this court. Appellee has not brought forward a record upon which the propriety of such judgment may be determined and thus, we may only presume that the trial court's partial grant of the challenged summary judgment is well supported. TEX.R.APP.P. 50(d). The cross-point is overruled.

The judgment is reversed and rendered as to attorneys fees; in all other respects the judgment is affirmed as reformed.