**Affirmed as Modified and Majority and Dissenting Opinions filed October 1, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00404-CV

---

## DAVID CANALES, JR., INDIVIDUALLY, AND AS NEXT FRIEND OF DAVID ADRIAN CANALES, AND ANGIE MARIE CANALES, Appellants / Cross-Appellees

### V.

## EDWARD CURTIS VANDENBERG, Appellee / Cross-Appellant

---

### On Appeal from the 239th District Court
### Brazoria County, Texas
### Trial Court Cause No. 71132

---

### DISSENTING OPINION

I write separately to express my disagreement with the majority's broad conclusion that Vandenberg cannot recover mental-anguish damages because the Canaleses acted negligently and not intentionally in creating a private nuisance. I also write separately to express my concern that the current state of nuisance law in

Texas leaves citizens like Vandenberg without recovery for harm caused by the actions or omissions of another party.

The Supreme Court of Texas has held that "nuisance" in Texas does not refer to a cause of action or to the defendant's conduct or operations, "but instead to the particular type of *legal injury* that can support a claim or cause of action seeking legal relief." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 594 (Tex. 2016) (emphasis in original); *see City of Tyler v. Likes*, 962 S.W.2d 489, 504 (Tex. 1997) (noting that a private nuisance is "a kind of damage done, rather than any particular type of conduct"). In other words, "nuisance" "describes a type of injury that the law has recognized can give rise to a cause of action because it is an invasion of a plaintiff's legal rights." *Crosstex N. Tex. Pipeline, L.P.*, 505 S.W.3d at 594. "The law of nuisance recognizes that certain injuries to a person's right to 'use and enjoyment of property' can also constitute a form of legal injury for which a legal remedy will be granted." *Id.* "A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Id.* at 593 (quoting *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003)).

"[W]hether negligently inflicted mental anguish damages are recoverable depends both on 'the nature of the duty breached' and on the sufficiency of the plaintiff's evidence." *SCI Tex. Funeral Servs. v. Nelson*, 540 S.W.3d 539, 544 (Tex. 2018) (quoting *Likes*, 962 S.W.2d at 494). The Supreme Court of Texas has stated that "mental anguish damages may be available where the plaintiff establishes intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties . . . [and in] a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly

2

foreseeable result.'" *Id.* (quoting *Likes*, 962 S.W.2d at 496). "But even this list . . . *is not exhaustive*." *Id.* (emphasis added).

"Because the circumstances of each individual and situation can differ to such extremes, 'it is difficult for the law to distinguish between those instances when mental anguish is reasonably foreseeable from particular conduct and those when it is so remote that the law should impose no duty to prevent it.'" *Id.* at 545 (quoting *Likes*, 962 S.W.2d at 495). Requiring a special relationship, malice, or a particularly shocking injury helps alleviate this concern, either by ensuring that the injury and injured party are foreseeable to the defendant (because of the existence of a special relationship) or by shifting the risk of overcompensation in only especially egregious situations. *Id.*

Mental anguish damages are appropriate under the facts of this case because (1) the injury to Vandenberg was highly foreseeable to the Canaleses, and (2) the situation is especially egregious. *See Daniel v. Ft. Worth R.G. Ry. Co.*, 72 S.W. 578, 580 (Tex. 1903) ("No case decided by this court justifies the conclusion that, if a structure, permanent in character, is a nuisance from which injury results to the adjacent property, and by which nuisance the health of the occupants is impaired or the comfortable enjoyment of it is destroyed, the injured party is limited to compensation for the impairment of the value of the property."); *Reed v. LKQ Corp.*, 436 F. Supp.3d 892, 923–24 (N.D. Tex., Jan. 30, 2020) (mem. op. & order) (awarding property owner mental-anguish damages "caused by the relentless sound of back-up beepers, scraping metal, and the car crusher, as well as the dust and debris emanating from LKQ's facility"). No reasonable person would welcome the party barn at issue here, with the concomitant noise and vibrations at unreasonable hours on multiple occasions, to which Vandenberg was exposed. *See Hoover v. Horton*, 209 S.W.2d 646, 649 (Tex. App.—Amarillo 1948, no writ) (stating that the test for

whether the use of premises is unreasonable is whether "the act or use [was] a reasonable exercise of the opinion which the owner of property has by virtue of his ownership over his property? Having regard to all interests affected, his own and those of his neighbors, and having in view, also, public policy").

The Supreme Court of Texas has noted that there are two principal concerns with mental-anguish damages: (1) genuineness, making verifiability at issue in every mental anguish case; and (2) foreseeability, because "[m]ental anguish is substantially more difficult to foresee than other injuries because '[t]he invasion of the same legal right may lead to extreme anguish in one person while causing essentially no emotional damage to another.'" *SCI Tex. Funeral Servs., Inc.*, 540 S.W.3d at 544–45 (quoting *Likes*, 962 S.W.2d at 495). These concerns, however, are not an issue under the facts of this case as a matter of law. *See QuikTrip Corp. v. Goodwin*, 449 S.W.3d 665, 674 n.18 (Tex. App.—Fort Worth 2014, pet. denied) (noting that foreseeability is a question of law when parties do not identify disputed, material facts that would impact the determination of foreseeability, but rather "disagree about the legal significance of undisputed facts").

Here, the record demonstrates that Vandenberg and his wife experienced sleep deprivation, heard and felt physical vibrations in their bodies and inside their home, and found no respite from the noise and vibrations despite wearing noise cancelling speakers, wrapping blankets over their heads, and moving to the side of the house furthest away from the party barn. The evidence supports that the repeated invasion of Vandenberg's right to enjoy and use his home caused him mental anguish as defined by the high court. *See Storey v. Cent. Hide & Rendering Co.*, 226 S.W.2d 615, 618 (Tex. 1950) ("[T]he law does not allow one to be driven from his home or compelled to live in substantial danger or discomfort even though the danger or discomfort is caused by a lawful and useful business."); *see also Bunton v. Bentley*,

153 S.W.3d 50, 53 (Tex. 2004) (per curiam) (concluding there was legally sufficient evidence of mental anguish in defamation case when there was evidence that repeated false accusations of corruption "cost [the plaintiff] time, deprived him of sleep, caused him embarrassment in the community in which he had spent almost all of his life, disrupted his family, and distressed his children at school . . . ."); *Port of Hous. Auth. v. Aaron*, 415 S.W.3d 355, 364 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The only personal injuries actually pleaded by the property owners include 'sleep deprivation and resulting physical maladies, traumatic stress disorders, and extreme mental anguish.' We agree with the Port Authority's characterization of these damages as mental anguish and the physical symptoms of mental anguish."). It is highly foreseeable that the volume of the noise and vibrations coming from the Canaleses' party barn, combined with the hours and duration of the music, would cause a substantial disruption of any individual's daily routine and enjoyment of their property. *See Huynh v. Blanchard*, No. 21-0676, __ S.W.3d __, __, 2024 WL 2869423, at *14 n.32 (Tex. 2024) ("For example, if a landowner advertises that it will host fantastically loud all-night parties on its property twelve times during a year, with each party to be announced twenty-four hours in advance, a trial court could enjoin future parties at the neighbors' behest if a jury finds the first few parties caused noise nuisances even though the parties are sporadic and it is not yet known when the next one will occur."); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (stating that mental anguish damages could not be awarded without either "direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in plaintiffs' daily routine," or other evidence of "a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger").

Furthermore, the facts of this case support an award of mental-anguish

5

damages because they are particularly egregious. The activity of one party should not so substantially and unreasonably restrict another party in the use and enjoyment of his property to the extent experienced by Vandenberg. *See Spann v. City of Dallas*, 235 S.W. 513, 515 (Tex. 1902) ("The right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right. . . . It is a right which takes into account the equal rights of others, for it is qualified by the obligation that the use of the property shall not be to the prejudice of others."). It is indisputable that the noise coming from the Canaleses' party barn would cause Vandenberg and any similarly situated individual a high degree of mental distress.

As the facts of this case demonstrate, mental anguish damages can be highly foreseeable and proximately caused by a negligently-created nuisance. It is contrary to public policy to categorically prevent any injured citizen from recovering these damages simply because the nuisance was negligently created. *See Freedman v. Briarcroft Prop. Owners, Inc.*, 776 S.W.2d 212, 216 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("Occasionally, the issue of the existence of a nuisance also raises questions involving technical propositions of law and matters of public policy."). I would conclude that the facts of this case support the recovery of mental anguish damages even if the Canaleses behaved negligently and not intentionally in creating the nuisance. I would therefore overrule the Canaleses' fifth issue and uphold the mental-anguish-damages award.

For these reasons, I respectfully dissent. I agree with the majority opinion in all other aspects.

/s/    Margaret "Meg" Poissant
       Justice

Panel consists of Justices Wise, Zimmerer, and Poissant. (Wise, J., majority).