**COE et al. v. CITY OF DALLAS et al.**

**No. 4970.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1953.

McKool & Bader, Dallas, for appellants.

W. M. Parks, Asst. City Atty., W. R. Allen, Asst. City Atty., H. P. Kucera, City Atty., Dallas, Gragg, King & Storey, Dallas, for intervenors.

FRASER, Justice.

This is a suit for a mandamus against the City of Dallas, to compel its city council to issue a building permit for the purpose of constructing a church. The various agencies of the City of Dallas, including the city council, refused to issue the building permit applied for by appellants. A hearing was held and certain surrounding property owners objected to the proposed building, intervened in the application of appellants for the mandamus, and testified at length against the issuance of the mandamus. Trial was to the court without a jury and the decision of the court was that of denial of the mandamus. From this decision appellants have appealed.

Without itemizing the various points presented by appellants and the counterpoints of appellees, it seems to us that this case rests upon three main issues: First, whether the trial court was in error in not granting appellees' motion to dismiss the application of appellants for mandamus; second, whether the Dallas city council was within its rights and powers in holding that the proposed building was not in fact a church, or in other words did not contemplate a use permitted by the zoning ordinance; and third, whether or not the Dallas city council was within its rights and powers in finding that the proposed use was a probable nuisance.

The proposed site of the building lies in an area under temporary zoning. The permanent zoning ordinances of the City of Dallas do not forbid the building of a church. The provisions of the ordinances regulating the areas under temporary zoning provide that no building may be erected except a single family home and its accessories, without the express permission of the City of Dallas.

With regard to the first point it seems to us that the trial court should have granted appellees' motion to dismiss the suit. This was an application for mandamus to compel the city council to issue a building permit for a building described as a "church"; this proposed building was in newly annexed and temporarily classified territory, controlled by the ordinance which stipulates that any proposed building must be through a permit unless it is a single family dwelling. It must be noted here that appellant is asking the court to set aside findings of the city council by a mandamus. He does not seek to enjoin the enforcement of any regulations. These ordinances provide that the city council may grant or deny a permit such as this "as the facts may justify". There are many cases which hold that mandamus will not lie to direct or control agencies or individuals who have the responsibility of discretion and official judgment. While mandamus may issue to require public officials or agencies to act, it does not issue for the purpose of stating how they shall act, where their duty involves the exercise of judgment or discretion. King v. Guerra, Tex.Civ.App., 1 S.W.2d 373, wr. ref.; Meyer v. Carolan, 9 Tex. 250; Arbery v. Beavers, 6 Tex. 457; Riggins v. Richards,

Tex.Civ.App., 79 S.W. 84; Riggins v. City of Waco, 100 Tex. 32, 93 S.W. 426.

■ It has been established that if there exists any reasonable doubt—or in other words, if there is evidence on both sides requiring the exercise of judgment by the individual or agencies—there can be no mandamus. The functions of these boards or individuals are discretionary and cannot be attacked by mandamus on the mere sufficiency or insufficiency of the evidence. Examination of the record here shows much evidence on both sides, and that a genuine controversy existed. The court would therefore have been justified in dismissing the application for mandamus, and was therefore correct in denying same. Sansom v. Mercer, 68 Tex. 488, 5 S.W. 62.

With regard to the second issue, the city council found that the proposed building was not in fact a church, and the trial court found that the proposed building would be used more for healing and would not in fact be a church, that the use of the premises in 1952 (when tent services were conducted) disturbed the peace and quiet of the neighborhood and that the city council did not abuse its discretion in finding that the proposed building was not a church and the proposed use of same would constitute a nuisance.

■ There is much evidence in the record to justify the finding that the proposed building was not to be a church. The plat or sketch submitted showed some 2,400 square feet devoted to healing rooms or prayer rooms, and only 600 square feet for the auditorium or church proper. Although appellant testified that there would be only from thirty to a hundred people at services, still he claimed a membership of from 700 to 1100. His own testimony showed a history and practice of healing and tent services with loud speakers and Hammond organ. He admitted parking his five or six big trailers on the premises. Appellant here is a corporation composed of Rev. Coe, his wife, and his sister as the incorporators, and including De Cordova, described as a business manager. We feel therefore that the city council was within its authority in its finding that this proposed building was not a church and that the trial court had ample grounds for its findings to the same effect. The building not being a church there was no question of the council's authority to refuse the permit under the zoning ordinance provisions.

With regard to the third issue, again the record shows much evidence that proposed use of premises would be a nuisance and contrary to the comfort and welfare of the neighbors.

In addition to what has been said in the preceding paragraph, there was evidence that Rev. Coe and his organization had ambulances coming and going during services, large numbers of cars congesting the streets, that he had 135 radio broadcasts a week, and answered some 6,000 letters a week, that the children quartered on the premises as orphans had been heard screaming and praying. So all in all it seems clear that the proposed use would not be that of a building dedicated primarily to worship, but, based on the evidence of the 1952 use of the premises, the fact that this petition was not presented by a denomination or congregation but by a corporation, and the admitted practices and methods of Rev. Coe, his organization and associates, would in fact be a healing center and very likely a nuisance. The Dallas city council has adequate power under its police powers to determine whether the proposed use of premises is calculated to be a nuisance and injurious to the comfort and welfare of the community, and so to prevent such from happening. The police power of a city is broad and can always be used to protect its people, their comfort, health and welfare. This seems not to be a congregation seeking a place to worship, but an individual and a corporation seeking a location to practice their particular method of healing. Waggoner v. Floral Heights Baptist Church, 116 Tex. 187, 288 S.W. 129; Assembly of God Church of Tahoka v. Bradley, Tex. Civ.App., 196 S.W.2d 696; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W.2d 224, wr. ref.; Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day

Saints v. City of Porterville, 90 Cal.App.2d 656, 203 P.2d 823; City of Dallas v. Meserole, Tex.Civ.App., 155 S.W.2d 1019.

■ Summing up, there was evidence to support the trial court in its findings and they therefore must be upheld. Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670 (Civ.App. wr. ref. w. m.); Gulf Oil Corp. v. Vestal, Tex.Civ.App., 231 S.W.2d 523.

Appellants' points are all overruled and the decision of the trial court is affirmed.