TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00038-CV







Williamson Pointe Venture; John K. Condon, Trustee; and John K. Condon


as Trustee of the Sean and Candice Condon Family Trust and of the


Tiffany, Chase, and Hunter Coleman Family Trust, Appellants




v.




City of Austin, Appellee









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 93-09435, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







PER CURIAM


 Appellants Williamson Pointe Venture; John K. Condon, Trustee; and John K.
Condon, Trustee of the Sean and Candice Condon Family Trust and of the Tiffany, Chase, and
Hunter Coleman Family Trust challenge a trial court judgment in favor of appellee City of Austin. 
At issue is whether rezoning is a "permit" that entitles the property owner who later develops his
or her property to comply only with the standards existing at the time of rezoning. See Tex.
Gov't Code Ann. § 481.143(a) (West 1990). The trial court held that it was not. We will affirm
the trial court's judgment.



FACTS


 The disputed land lies in the Williamson Creek watershed in south Austin. Upon
annexation, the City zoned the land as development reserve ("DR"), which allowed only the
development of single family homes, farms, and ranches. The former owner of the land
subsequently applied for rezoning in 1986. The Austin City Council approved the rezoning on
March 26, 1987 by passing City Ordinance 870326-A. The new zoning categories included
multifamily ("MF-1" and "MF-2") and warehouse/light office ("W/L") uses. The property owner
filed, and received approval of, a preliminary subdivision plan on January 17, 1985. However,
the owner did not file for final plat approval. The subdivision plan expired on September 2, 1987,
because no additional steps were taken and no application for extension was filed.

 When the present owner, Williamson Pointe Venture ("the Venture"), acquired the
property on March 30, 1992, the Austin Save Our Springs ("SOS") referendum was pending. The
Venture planned to acquire the land and submit applications for development permits before the
more environmentally-stringent requirements of the SOS ordinance were passed so as to
"grandfather in" earlier regulations.

 The Venture filed a site plan application on August 6, 1992, but did not file a
subdivision application to replace the expired one. The site plan was designed to comply with the
Williamson Creek Ordinance, which was in effect at the time of rezoning. Austin City Ordinance
No. 801218-W. However, the law in effect on August 6, 1992, at the time the site plan was
submitted, was the Composite Ordinance. Austin City Ordinance No. 911017-B. The SOS
Ordinance was approved by voters on August 8, 1992. See Austin City Ordinance No. 920903-D. 
The site plan was never approved and expired on August 2, 1993. (1)

 By time of trial, the Venture had not filed a subdivision application to replace the
one which had expired.



APPLICABLE LAW AND CONCEPTS


 The parties assert that subchapter I of Texas Local Government Code chapter 481,
as amended effective September 1, 1989, applies to this controversy. We agree. Subchapter I
was again amended on May 24, 1995 and the changes were expressly made retroactive to
September 1, 1987, the effective date of the original act. However, the 1995 legislation excepted
rights acquired under final judgments or involved in pending actions. (2) See Act of May 24, 1995,
74th Leg., R.S., ch. 794, 1995 Tex. Sess. Law. Serv. 4147, 4148 (West). We will consider the
issue under the law in effect before the 1995 amendments because this action was pending on the
effective date of the amendments.

 Three land-use concepts involved in this dispute are zoning, subdivision, and site
plans. Zoning is the broadest planning tool, the object of which is to ensure that proposed uses
conform to the City's Comprehensive Plan. Tex. Loc. Gov't Code Ann. § 211.004 (West Supp.
1995). The property owner who desires to rezone his or her property submits an application to
the Planning Commission. The Planning Commission drafts a preliminary report, holds a public
hearing on the proposed change, and makes a recommendation to the City Council. Tex. Loc.
Gov't Code Ann. § 211.007(b) (West 1988). The zoning process results in the passage of an
ordinance amending the City's zoning map to show the approved zoning category. The zoning
categories describe in broad terms the uses to which a particular piece of property may be put and
usually set a maximum number of units per acre.

 Subdivision, a more detailed review of the proposed development, involves the
platting of property into lots. See Tex. Loc. Gov't Code Ann. § 212.004(a) (West Supp. 1995). 
The subdivision applicant must demonstrate compliance with drainage, transportation, and utility
service requirements. The result of an approved subdivision application is a filed plat. Tex. Loc.
Gov't Code Ann. § 212.004(d) (West Supp. 1995). If the final plat includes four or more lots,
the authority that approves the preliminary plan and the final plat is the Planning Commission.

 A site plan is a specific proposal for the development of the property. The site plan
applicant must demonstrate compliance with applicable siting rules, which includes such things
as setback requirements, observation of flood plain boundaries and dedicated parkland, minimum
lot size and width, maximum dwellings per lot and maximum height, maximum building coverage,
and maximum impervious cover. In Austin, site plan review also addresses a myriad of small
details, such as parking, landscaping, and tree preservation. See Austin Land Dev. Code §§ 13-2-600 - 13-2-700. The site plan is approved by the Planning Commission. An approved and
released site plan is a prerequisite to building on the property. Austin Land


Dev. Code § 13-1-600.



ANALYSIS OF APPLICABLE CODE


 Appellants, by one point of error, argue that the trial court erred by concluding that
a rezoning of property is not a "permit" under section 481.143. We hold that the trial court did
not err because the ordinance change that results from the rezoning process is not a "permit" to
which the statute applies.

 Section 481.143(a) provides in pertinent part:



The approval, disapproval, or conditional approval of an application for a permit
shall be considered by each regulatory agency solely on the basis of any orders,
regulations, ordinances, or requirements in effect at the time the original
application for the permit is filed. If a series of permits is required for a project,
the orders, regulations, ordinances, or requirements in effect at the time the
original application for the first permit in that series is filed shall be the sole basis
for consideration of all subsequent permits required for the completion of the
project.



Tex. Gov't Code Ann. § 481.143(a) (West 1990) (emphasis added). The operative terms in
section 481.143(a) are "permit," "regulatory agency," and "project." The second sentence of
section 481.143(a) controls the disposition of this case.

 Zoning and rezoning are legislative acts. City of Pharr v. Tippitt, 616 S.W.2d 173,
175 (Tex. 1981). A permit is defined as a "license, certificate, approval, registration, consent,
permit, or other form of authorization required by law, rule, regulation, or ordinance that must
be obtained by a person in order to perform an act or initiate a project for which the permit is
sought." Tex. Gov't Code Ann. § 481.142(2) (West 1990). Appellants urge us to interpret the
terms "approval" or "other form of authorization" to include the legislative act of rezoning; we
decline to do so.

 Established law provides that no property owner has a vested interest in particular
zoning categories. See City of Pharr, 616 S.W.2d at 176 (city can amend zoning ordinance as
public necessity demands); City of University Park v. Benners, 485 S.W.2d 773, 778 (Tex. 1972),
appeal dismissed, 411 U.S. 901 (1973) (city could eliminate existing use); Conner v. City of
University Park, 142 S.W.2d 706, 709 (Tex. Civ. App.--Dallas 1940, writ ref'd) (city could
rezone property while application was pending). Otherwise, "a lawful exercise of the police
power by the governing body of the city would be precluded." Benners, 485 S.W.2d at 778. 
Because the City could rezone the property to entirely prohibit previously permissible uses, even
established uses, the City can amend regulations that affect the prospective development of the
property within the broad zoning categories. The proposition that the legislative act of zoning
entitles the landowner to develop his or her property free from all subsequent regulatory changes
is so contrary to established law that the legislature, had it wanted to effect such a change, must
have clearly so stated. State v. Standard, 414 S.W.2d 148, 153 (Tex. 1967) (legislative grants
of property rights must be strictly construed in favor of state on grounds of public policy).

 Appellants rely on the City's order of processing ordinance, number 13-1-36, to
support their argument that the rezoning is a permit. Ordinance 13-1-36 provides:



Applications for a project are processed in the following order, although all
projects may not require all steps: 


(1) Zoning;


(2) Subdivision;


(3) Site plan; and


(4) Building permit.


Applications for each step may be filed and will be processed concurrently at the
request of the applicant, but each application will be approved in the order listed.


. . .



Rezoning is a step that must be taken before a preliminary plan or subdivision plat can be filed;
so is purchasing the property. The mere fact that the City has provided that it will process an
application for subdivision only after the property is properly zoned does not make zoning a
"permit" for purposes of section 481.143.

 Even if the definition of "permit" is read in isolation to include a zoning ordinance,
a zoning change approved by the City Council cannot be the first permit in a series of permits
comprising a project because the City Council, while engaged in zoning, is not a "regulatory
agency" to which this version of section 481.183 applies. A regulatory agency is defined as an
"agency, bureau, department, division or commission of the state or any department or other
agency of a political subdivision that processes and issues permits." Tex. Gov't Code §
481.142(3) (West 1990) (emphasis added). On its face, the definition does not include the
governing body of a municipality.

 Appellants assert that a city council is an "agency." (3) The term "agency" is not
defined. Courts apply the ordinary meaning of undefined statutory terms when interpreting a
statute. State v. Public Util. Comm'n, 883 S.W.2d 190, 200 (Tex. 1993). The word "agency"
ordinarily refers to an administrative agency in the executive branch of the government. See,
e.g., Webster's Third New International Dictionary 40 (Philip B. Gove ed., 1986) (agency is "a
department or other administrative unit of a government"). The definition does not include the
governing body of a municipality engaged in legislative acts. Also, we must construe the
provision in its context. Jessen Assocs., Inc. v. Bullock, 531 S.W.2d 593, 601 (Tex. 1975). 
Subchapter I is part of Title 4 of the Texas Government Code, which governs the executive, rather
than the legislative, branch of government. (4) Because the legislature did not explicitly include in
its definition of a "regulatory agency" the governing body of a municipality acting in its legislative
capacity, and nothing in the statute's context indicates that was intended, we decline to read in the
term. (5)

 It is reasonable for the legislature to exclude zoning from the definition of a
"permit" or a "project" because zoning is perpetual. Once established, it does not change until
the City or the property owner take positive steps to change it. Sometimes zoning changes are
accomplished but development does not occur for many years. If zoning established a date of
entitlement for compliance with regulations, the legislature would have created pockets of land
which are immune from future regulatory protection. In this case, zoning was applied for in
1985; by 1995, ten years later, no ground had been broken, but three ordinances affecting
development in the Williamson Creek watershed were passed: the Comprehensive Watershed
Ordinance, the "Composite" Ordinance, and the SOS Ordinance.

 Nor does the result seem unfair. In 1985, the land was rezoned as MF-1, MF-2,
and W/L. The former landowner then had the right to submit a preliminary plan for subdivision
and a site plan, subject to regulations in effect at the time. The zoning categories have not
changed: the property is still zoned MF-1, MF-2, and W/L. However, because the landowner
did not develop the property at the time of rezoning, the density of the expected development has
been affected by the ordinance changing site plan requirements. 

 Appellants argue that it is unfair for the City to require them to comply with more
restrictive siting requirements because lack of access to the property effectively prevented their
predecessor-in-interest from developing the property ten years ago. Further, they argue that the
former owner acquired some sort of vested interest because it added restrictive covenants to the
property during the rezoning process. The developer who had the property rezoned in 1985
received, in exchange for its concessions, much more development-intensive zoning designations
than it previously had and the ability to apply for preliminary plan and site plan approval, to
which the ordinances then in effect would apply. (6) Although it took the initial step of submitting
a preliminary plan, the former developer did not preserve its rights by proceeding. The parties
dispute whether it could have kept its preliminary plan "alive" while it sought final plat approval
since the streets could not be dedicated. Even assuming that the developer was completely
faultless in allowing the preliminary plan to lapse, it appears that the development process was
simply initiated too early to be practicable. In sum, appellants ask us to protect their
predecessor's speculation about the future development of the property. This we cannot do.

 Finally, appellants argue that the 1995 amendments to subchapter I indicate that
rezoning is a permit and therefore, that a site plan application submitted at any time in the future
is evaluated by the rules in effect in 1985, when the rezoning occurred. We disagree.

 One legislature's interpretation of a prior legislature's enactment may be persuasive
but does not control the interpretation of the prior act. State Highway Dep't v. Gorham, 162
S.W.2d 934, 937 (Tex. 1942); Calvert v. General Asphalt Co., 409 S.W.2d 935, 937 (Tex. Civ.
App.--Austin 1966, no writ). And, if the later legislation differs significantly from existing law,
the later legislation changes rather than clarifies existing law. See Tijerina v. City of Tyler, 846
S.W.2d 825, 828 (Tex. 1992). In this case, the 1995 legislation appears to be a broad change
rather than a clarification: it changes the definition of "regulatory agency" to specifically include
governing bodies of cities when issuing a permit, redefines "project" and adds a whole section of
exclusions to the arguably broader statute. We cannot consider such changes in our evaluation
of the pre-1995 version of section 481.143. Id. (7)


CONCLUSION


 We overrule appellants' point of error and affirm the trial-court judgment.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 22, 1995 

Publish

1.   The parties dispute why the site plan filed before the effective date of the SOS
Ordinance was allowed to expire. Condon claims that the City told him that the site plan
would have to comply with the SOS Ordinance; the City claims that it told him only that the
subdivision plan that it had failed to file before August 8, 1992, would have to comply with
the SOS Ordinance. It makes no difference for the purposes of our analysis, since,
indisputably, both the 1985 preliminary plat and the 1992 site plan expired.
2.   S.B. No. 1704 provides that:


This subchapter shall apply to all projects in progress on or commenced after
the effective date of this subchapter as originally enacted by Section, 1
Chapter 374, Acts of the 70th Legislature, Regular Session, 1987, and the
duly adopted requirements in effect at the time the original application for
the first permit for the project was filed shall control. This subchapter shall
be enforceable solely through declaratory, mandamus, or injunctive relief.


Act of May 24, 1995, 74th Leg., R.S., ch. 794, § 1, 1995 Tex. Sess. Law. Serv. 4147,
4147 (West).


 However, section 3 of the bill further provides:


Nothing in this Act shall be construed to diminish or impair the rights or
remedies of any person or entity under a final judgment rendered by, or in
any pending litigation brought in, any court concerning an interpretation of
the provisions of Subchapter I, Chapter 481, Government Code.


Id., § 3.
3.   Appellants cite three cases that refer to a city council as an agency: Burch v. City of
San Antonio, 518 S.W.2d 540, 542-543 (Tex. 1975); Williams v. City of Fort Worth, 782
S.W.2d 290, 292 (Tex. App.--Fort Worth 1989, writ denied); Coe v. City of Dallas, 266
S.W.2d 181, 182 (Tex. Civ. App.--El Paso 1953, no writ). The casual references are
irrelevant here because whether the city council was a "agency," much less an "agency . . .
that processes and issues permits" under section 481.183, was not an issue in any of the cited
cases. 
4.   In contrast, a municipality's zoning authority is regulated by Chapter 211 of the
Texas Local Government Code. See Tex. Loc. Gov't Code §§ 211.001-.013 (West 1988 &
Supp. 1995).
5.   Appellants contend that City Council-approved zoning can be the first permit in a
series of permits required for a project even if the City Council is not a regulatory agency
to which section 481.143 applies. They argue that it is irrelevant that the City Council is
not a regulatory agency because the second sentence of section 481.143(a) affects only how
the planning commission must address subsequent applications such as an application for
approval of a subdivision plat or site plan. We disagree.


 The first sentence of section 481.143(a) provides that the "approval . . . of an
application for a permit shall be considered by each regulatory agency" solely on the basis of
requirements in effect at the time the application is filed, indicating that a "permit" to which
the statute applies is a permit approved by a regulatory agency. The second sentence of
section 481.143(a) applies only to a "series of permits" that comprise a "project." A project is
defined as an "endeavor over which a regulatory agency exercises its jurisdiction and for
which a permit is required before initiation of the endeavor." Tex. Gov't Code Ann.
§ 481.142(3) (West 1990) (emphasis added). Further, section 481.141(b), which sets out the
legislative findings and intent, states that the "legislature desires to establish requirements
relating to the processing and issuance of permits and approvals by governmental regulatory
agencies." Tex. Gov't Code Ann. § 481.141(b) (West 1990) (emphasis added). Clearly, the
entire subchapter is devoted to the processing of permits issued by governmental regulatory
agencies and each permit in the series of permits comprising a project must be a permit to
which the subchapter applies. City Council-approved zoning cannot be the first permit in a
series of permits comprising a project because a city council engaged in zoning is not a
"regulatory agency."
6.   The original DR category allowed the property to be developed for single family
homes, farms, or ranches, and required a minimum of 10-acre lots. The new MF-1 and
MF-2 categories allowed 17 and 23 units per acre, respectively, with a minimum of 8,000
square foot lots, and the W/L category allowed a 25-foot tall office building and required
a minimum lot size of 43,560 square feet.
7.   Further, under the 1995 amendments, even if zoning constitutes a "permit," it is not
clear that zoning is part of a "project." The amendments specify that "[p]reliminary
plans and related subdivision plats, site plans, and all other development permits for land
covered by such preliminary plans of subdivision plats are considered collectively to be
one series of permits." Act of May 24, 1995, 74th Leg., R.S., ch. 794, §1, 1995 Tex. Sess.
Law. Serv. 4147, 4147 (West). Zoning, which appellants claim is simply another
development permit, is not included in that definition. We need not and do not decide the
issue in this case, but note that the second sentence of section 481.183 does not apply if
zoning is not part of a "project."


h Leg., R.S., ch. 794, § 1, 1995 Tex. Sess. Law. Serv. 4147,
4147 (West).


 However, section 3 of the bill further provides:


Nothing in this Act shall be construed to diminish or impair the rights or
remedies of any person or entity under a final judgment rendered by, or in
any pending litigation brought in, any court concerning an interpretation of
the provisions of Subchapter I, Chapter 481, Government Code.


Id., § 3.
3.   Appellants cite three cases that refer to a city council as an agency: Burch v. City of
San Antonio, 518 S.W.2d 540, 542-543 (Tex. 1975); Williams v. City of Fort Worth, 782
S.W.2d 290, 292 (Tex. App.--Fort Worth 1989, writ denied); Coe v. City of Dallas, 266
S.W.2d 181, 182 (Tex. Civ. App.--El Paso 1953, no writ). The casual references are
irrelevant here because whether the city council was a "agency," much less an "agency . . .
that processes and issues permits" under section 481.183, was not an issue in any of the cited
cases. 
4.   In contrast, a municipality's zoning authority is regulated by Chapter 211 of the
Texas Local Government Code. See Tex. Loc. Gov't Code §§ 211.001-.013 (West 1988 &
Supp. 1995).
5.   Appellants contend that City Council-approved zoning can be the first permit in a
series of permits required for a project even if the City Council is not a regulatory agency
to which section 481.143 applies. They argue that it is irrelevant that the City Council is
not a regulatory agency because the second sentence of section 481.143(a) affects only how
the planning commission must address subsequent applications such as an application for
approval of a subdivision plat or site plan. We disagree.


 The first sentence of section 481.143(a) provides that the "approval . . . of an
application for a permit shall be considered by each regulatory agency" solely on the basis of
requirements in effect at the time the application is filed, indicating that a "permit" to